**WINKLER v. CREEKMORE. (No. 1341.)**

(Court of Civil Appeals of Texas. El Paso. April 27, 1922. Rehearing Denied June 1, 1922.)

1. **Mines and minerals ☞74—Conveyance of interest in lease and note for price held final contract into which prior negotiations became merged.**

Conveyance of interest in oil and gas lease and note given for purchase price constituted a final contract in which all previous negotiations and agreements between the parties became merged.

2. **Evidence ☞442(1)—Testimony as to parol agreement not incorporated in a written contract not admissible.**

In action on note given for interest in oil and gas lease, a complete contract being evidenced by the note and conveyance, testimony as to negotiations and agreement that wells would be drilled within a certain period *held* not admissible, in absence of an allegation that such agreement was omitted from the contract by fraud, accident or mistake.

Appeal from District Court, Stephens County; C. O. Hamlin, Judge.

Suit by T. A. Creekmore against N. Winkler. Judgment for plaintiff, and defendant appeals. Affirmed.

V. L. Shurtleff, of Breckenridge, and E. W. Bounds, of Fort Worth, for appellant.

Goggans, Bateman & Leaverton, of Breckenridge, for appellee.

HIGGINS, J. Pick Campbell, Cleve Johnson, and S. H. and H. O. Tatum were the owners of an oil and gas lease covering 10 10/11 acres of land in Stephens county, and upon January 17, 1920, they entered into a drilling contract with Henry Riley whereby Riley obligated himself to begin the drilling of a well on the premises on or before June 1, 1920, and drill the same 3,500 feet deep unless oil was found in paying quantities at a lesser depth. Riley also obligated himself to drill as many wells as was necessary to fully develop the premises, or as many as might be necessary to properly offset wells on adjoining property. It was also provided that he was to drill at least two wells, the second to be begun within 90 days after drilling had ceased on the first well. It was provided that, if oil was found upon the land, the same should pass into the pipe lines to credit of the parties in the following proportion: one-eighth to the landowner; four-eighths to Riley; and three-eighths to the owners of the leases. On the same date the Tatums, Johnson, and Campbell transferred and assigned unto T. A. Creekmore, his heirs and assigns, a one-fourteenth undivided interest in and to said leasehold interest, subject to the oil and gas lease and to the terms and conditions of said drilling contract. On July 30, 1920, Creekmore conveyed an undivided 1/32 interest in the leasehold unto N. Winkler in consideration of a note for $5,500 executed by Winkler in favor of Creekmore. This transfer from Creekmore recites the assignment to him from Campbell and others dated January 17, 1920, and provides:

"Now, therefore, for and in consideration of the execution and delivery to N. Winkler of his certain promissory note of even date herewith in favor of T. A. Creekmore for the sum of fifty-five hundred dollars ($5,500.00) and due six months after date, the receipt of which is hereby acknowledged, the undersigned, T. A. Creekmore, present owner and holder of the rights, titles, and privileges conveyed to, vested in, and conferred upon him by the abovementioned assignment in his favor from Pick Campbell et al. covering said 10 10/11 acres of land more or less, do hereby bargain, sell, transfer, and assign and convey to N. Winkler, of Stephens county, Tex., his heirs, successors, and assigns, all rights, title, and interest of the original lessee and present owner in and to the lease and rights thereunder mentioned in said assignment from Pick Campbell et al. to T. A. Creekmore, recorded in Volume 80, p. 190, of the Deed Records of Stephens County, Tex., as above shown in so far as it covers an undivided 1/32 interest in and to the 10 10/11-acre tract of land above described, subject, however, to the terms and conditions of the lease and drilling contract mentioned in said assignment, together with a like undivided interest in and to all personal property used or obtained in connection therewith.

"It is expressly understood that N. Winkler is to receive 1/32 of the production under the above mentioned contracts, free of any cost to N. Winkler, except the consideration mentioned, and in case there is no production within the terms of said contracts, or valid extension thereof, then this assignment shall become null and void, but the validity of the hereinbefore mentioned note shall not be affected in any way.

"To have and to hold the above-described undivided 1/32 interest, together with all and singular the rights and appurtenances thereto in any wise belonging unto the said N. Winkler, his heirs and assigns forever.

"And I do hereby bind myself, my heirs, successors, and administrators, to warrant and forever defend all and singular said undivided 1/32 interest unto the said N. Winkler, his heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof."

This suit was subsequently filed by Creekmore against Winkler upon the note given by the latter to the former as shown in the above transfer.

The petition set up the written transfer from Creekmore to Winkler and the execution and delivery by Winkler of the note sued upon in payment of the interest conveyed, default in the payment of the note, and the usual allegations in such cases.

Upon the trial before a jury an instructed verdict was returned in favor of Creekmore upon which judgment was rendered, and Winkler appeals.

Error is assigned to the exclusion of testimony offered by the defendant while testifying in his own behalf to the effect that at the time the trade was made between himself and Creekmore the latter guaranteed that at least two wells for oil and gas would be drilled on the property, and that the second well would be drilled within 90 days after the first well was completed.

The court also excluded testimony offered by the defendant as to what was said and done at the time the trade was made between himself and Creekmore.

The court also struck out testimony of Winkler to the effect that what he was to get for the note sued upon was 1/32 part of the production of two wells that were to be drilled on the land.

[1] The rule presents no error. The contract sued upon was evidenced by the conveyance and note described in the petition. These evidenced a completed written contract. Earle v. Marx, 80 Tex. 42, 15 S. W. 595. The conveyance and note constituted the final contract between the parties into

which all previous negotiations and agreements between the parties became merged. Milliken v. Callahan Co., 69 Tex. 205, 6 S. W. 681; Johnson v. Clarkson (Tex. Civ. App.) 30 S. W. 71; Walker v. Brosius (Tex. Civ. App.) 90 S. W. 655. It was plain and unambiguous.

[2] There was no allegation that the matter to which the testimony relates was omitted from the contract by fraud, accident, or mistake. There is no allegation of fraud inducing the contract. Under the authorities the testimony was inadmissible under the rule which excludes evidence of contemporaneous parol agreements to alter, vary, or contradict the terms of a valid written agreement. Belcher v. Mulhall & Scaling, 57 Tex. 17; Coverdill v. Seymour, 94 Tex. 1, 57 S. W. 37; Luckenbach v. Thomas (Tex. Civ. App.) 166 S. W. 99; Harper v. Lott, etc. (Tex. Com. App.) 228 S. W. 188.

The authorities cited are all much in point. The facts in the last two cases differ in no material respect from the instant case. Harper v. Lott, etc., was by the Commission of Appeals, and the authorities are there reviewed at length. They foreclose the question against appellant.

Upon the view indicated it further follows that the court's action in excluding evidence that only one well had been drilled upon the property presents no error.

The admission made by appellant and claiming the right to open and close the argument relieved the appellee of proving the facts referred to in these propositions. District court rule 31 (142 S. W. xiii). For this reason the fifth and sixth propositions under the sixth assignment present no error.

Affirmed.