# APRIL, 1927

## CITIZENS' INSURANCE CO. OF MISSOURI V. A. F. SCHOFIELD.

### No. 4737.    Decided April 27, 1927.
### (293 S. W., 802).

**Pleading—Insurance.**

A contract insuring a crop against damage by hail provided that if the loss incurred should not exceed 5 per cent of the amount of the policy the insurer would not be liable therefor, and in case of claim made by insured for which the insurer was not liable the insured would be liable for the expense incurred by insurer in investigating it. The insurer, suing to recover on the note given by insured for the premium, sought to have insured's claim for loss canceled and also to recover the expense of investigating the claim for loss made by insured, alleging that it was fraudulent, that the loss was less than 5 per cent of the amount of the policy, and that the expense in investigating it was reasonable and necessary. *Held:*

(1) That the pleading tendered an issue of fact which, if established, defeated the claim of insured to recover on the policy, to which the issue of fraud in such claim and right to a judgment of cancellation were immaterial.

(2) The two items sought to be recovered by plaintiff—amount of the note and expenses incurred in investigating insured's claim of injury—both were distinctly connected with the contract of insurance, and recovery could be had for them in the same suit.

(3) That it was error to sustain an exception by defendant to so much of plaintiff's pleading as sought recovery of the expense of investigating defendant's claim of damages along with recovery on the note.

(4) That plaintiff's suit was, it seems, maintainable in the county where the note was made payable. (P. 426).

Question certified from the Court of Civil Appeals for the Second District, in an appeal from Tarrant County.

The Supreme Court referred the question to the Commission of Appeals, Section A, for its opinion and here adopt and certify same as their answer.

*Mayer, Rowe & Brown,* for appellant.

We insist that the defendant, having filed two separate and distinct pleadings in which there appear two general denials and a general demurrer and a special exception to the failure of plaintiff to itemize its claim for $44.00 damages, long prior to filing the special exception that was sustained by the trial court,

has filed the same out of the due order of pleading, and upon the authority of Bennett v. Ross, 278 S. W., 314, and cases therein cited, the action of the court in sustaining this special exception was fundamental error. But aside from this, upon the authority of Hudmon v. Foster, 231 S. W., 346, and the cases cited therein in support of the conclusions reached, the appellant insurance company had the right to have every issue presented in its petition tried and disposed of in one suit, and it was not only not compelled to bring two separate and distinct suits, or to await the action of the defendant in some other court, but it was acting within its lawful right in asking that all matters in controversy between it and the defendant Schofield be adjudicated in one suit; and more especially is this true because all of the matters in controversy set up in plaintiff's petition are connected with and grew out of the same transaction. The trial court, evidently, proceeded upon the theory that there was a misjoinder of causes and action, and no such plea was interposed.

It seems elementary to appellant that it is not compelled to even wait for the accrual of a cause of action against it that is fraudulently claimed, before bringing suit to cancel and annul it. Such action may be taken so soon as the fraud is discovered.

Further authorities on the right to join the causes of action relied upon by plaintiff: Milliken & Co. v. Callahan County, 69 Texas, 205; Farmers Natl. Bank v. Merchants Natl. Bank, 136 S. W., 1120; Howard's Heirs v. Skolant, 162 S. W., 978; Mayo v. Lewis, 4 Texas, 38; Blair v. Gay, 33 Texas, 157; Craddock v. Goodwin, 34 Texas, 578.

*J. C. Smith,* for appellee.

The court did not err in overruling plaintiff's demurrer to defendant's pleas to the jurisdiction because plaintiff's petition showed conclusively that the matters plead in said petition constituted two separate and distinct causes of action growing out of different facts and circumstances not in any wise related to each other, and it is fundamental error to join same in one suit.

The ruling of the court in overruling plaintiff's general demurrer to defendant's plea to the jurisdiction if error, was harmless in so far as plaintiff is concerned, for that, the court held that it had jurisdiction of the case and proceeded to try it as shown by the judgment herein. Hammer v. Garrett, 133 S. W., 1058; Adams v. First Natl. Bank of Waco, 178 S. W., 993; Marshall v. Magness, 211 S. W., 541; American Cent. Ins.

Co. v. Robinson, 219 S. W., 277; Hart Shoe Co. v. Adams, 248 S. W., 475.

The court did not err in sustaining defendant's exception and answer to paragraph 3 in plaintiff's petition and paragraph 1 in his answer and replication, for that, same was a complete answer and replication to said pleading and the matters therein set forth, though it might have had the effect of eliminating this part of plaintiff's case, and the same was filed in due order of pleading.

The cause of action declared on by a suit on the note in controversy, could not be joined with the suit to cancel the claim of appellee as alleged, as they are separate and distinct causes of action, independent of each other, and proven by and governed by a separate set of facts and testimony, and consequently the court did not err in sustaining appellee's answer and replication and exception to the second cause of action pleaded by appellant.

MR. JUDGE BISHOP delivered the opinion of the Commission of Appeals, Section A.

The Court of Civil Appeals for the Second District submits certified questions under statement as follows:

"On June 6, 1925, Dr. A. F. Schofield, in payment of a policy of insurance for damage by hail on his 100-acre farm in Terry County, said insurance not to exceed $10 an acre, executed to the agents of the Citizens Insurance Company of Missouri, to-wit, K. T. Martin & Company (said K. T. Martin & Company consisting at said time of K. T. Martin) his certain promissory note in writing as follows:

"$140.00                              No. 2299
Brownfield,      State of Texas,      June 6, 1925.

"On or before the 1st day of October, 1925, for value received, I promise to pay to K. T. Martin & Co., or order, the sum of One hundred forty & no/100 dollars, with interest at 10 per cent per annum from date. Payable at Brownfield State Bank, State of Texas. This note is given as premium for Hail Insurance on my crop of 100 acres of cotton now growing on my farm, sec. 117, block D-11, Abst. _____, in the county of Terry, State of Texas, better described as follows:  On North Field, about 11 mi. southwest of Brownfield, Tex.

"(Give name of farm, distance and direction from assured's postoffice.)

"To secure the payment of the above debt, I, or we, do hereby

mortgage and convey to the said payee or their assigns, the crop above described, and if the note is not paid when due, or if any attempt shall be made to sell or remove the said crop or any part thereof before the full payment of this note.   (Permission, however, to sell not to exceed 25% of above described crop for the purpose of paying this note and harvesting expenses), said debt shall at once become due and payable without notice and the legal holder thereof shall be entitled to the immediate possession of said crop.   This mortgage to be void in case of full compliance with all terms and conditions hereof; otherwise, to remain in full force and effect, if this note is not paid at maturity, and is sued on or placed in the hands of an attorney for collection, I hereby agree to pay a reasonable attorney's fee, and if not paid at maturity then this note shall become due and payable at Fort Worth, Tarrant County, Texas.   In the event of loss under my policy of insurance for which this note is given in payment of premium, this note shall be deducted from the amount due me for hail loss.   Payment of this note on or before maturity date waives all interest on same.   * * *

"A. F. SCHOFIELD'."

It will be noted that the note is payable at the Brownfield State Bank, Brownfield, Texas, but if not paid at maturity it is made payable at Fort Worth, Tarrant County, Texas.   It will be further noted that the note provides that:

" 'In the event of loss under my policy of insurance for which this note is given in payment of premium, this note shall at once become due and payable and the amount thereof shall be deducted from the amount due me for hail loss.' "

"K. T. Martin & Company, or K. T. Martin, transferred the note to the Citizens Insurance Company.   On or about September 10, 1925, Dr. Schofield, appellee here, suffered a loss by hail of a part of his cotton crop.   The policy provided that if the loss or damage by hail to any crop described in the policy was less than 5% of the total amount of insurance against loss or damage by hail applied to the particular crop so damaged, then the insured should pay all of the expenses of investigating the said claim.

"Plaintiff, Citizens Insurance Company, brought suit on the note in the District Court of Tarrant County, and, for jurisdictional allegation, alleged that the reasonable value of the crop insured, and against which a chattel mortgage was reserved to secure the payment of the note, was $1,000.

"Plaintiff further alleged that defendant Schofield 'was fraud-

ulently asserting a claim of $400 against your plaintiff, arising in connection with said note, by claiming that heretofore, to-wit, on the 10th day of September, 1925, he suffered a loss by hail to his said growing crop of cotton above referred to, and insured by your plaintiff, and on or about said time gave written notice of such loss, by mail, to your plaintiff's agent, K. T. Martin & Company of Fort Worth, Texas; but that, in truth and in fact, the said defendant has suffered no such loss or damage as claimed by him and which constitutes a liability of any kind against your plaintiff under the terms of the policy of hail insurance issued by your plaintiff to the defendant, and in consideration of which the note sued upon herein was given to cover the premium for such insurance policy.  But that, notwithstanding said facts and the condition of the defendant's cotton crop so insured, the defendant, as aforesaid, filed such claim with your plaintiff, by giving a notice to its agent above named of such loss, and that acting by and through your plaintiff's said agent, your plaintiff thereupon, and in the belief that said notice had been given in good faith, sent three disinterested parties and your plaintiff's adjuster to inspect the defendant's said crops and to estimate and adjust the loss, if any, thereon; and that, as a result of such inspection, the said three disinterested parties found that two acres of the defendant's cotton crop had been damaged 100 per cent, and that 5 acres thereof had been damaged 10 per cent, and that 93 acres thereof had not been damaged at all, from the hail and hailstorm by and through which the defendant claims to have sustained his injuries.  That under the terms of the policy of insurance issued to the defendant by your plaintiff, he was insured against loss by hail not to exceed $10 per acre, and in the total sum of $1,000, and your plaintiff here alleges that the total damage sustained by the defendant because of said hailstorm was and is the sum of $25.00. * * *

"And in this connection your plaintiff would show the court that the defendant's loss under his said policy was and is a sum less than 5 per cent of the total amount of insurance issued by your plaintiff and covering the defendant's said crops, to-wit, the sum of $25.00; and that by reason of the contract of insurance had between your plaintiff and the defendant, the defendant is liable to pay your plaintiff all the expenses incurred by your plaintiff in invesigating his said claim, and that your plaintiff has incurred, become obligated to pay and has paid the sum of $44.00 expenses incurred in inspecting and appraising and

attempting to adjust the defendant's loss, which sum was and is reasonable and necessary."

"The defendant pleaded that the application made by defendant contained the following:

" 'I am aware that according to the policy under which I am making claim that if, for any reason the company is not liable for loss, or if the loss does not exceed 5 per cent of the face amount of my policy, then I am liable for the expense incurred by the company for investigating said claim, and I agree to pay to said company, on demand, all such expenses.'

"Plaintiff prayed that it have judgment for the amount of the note, with interest and reasonable attorneys' fees, and for the $44.00 claimed to have been expended in inspecting and appraising the damage done to defendant's crop, and that the defendant's claim of $400 be canceled and held for naught.

"Defendant filed, on February 18, 1925, what he styled his 'original plea to the jurisdiction of the court, and his answer.' After setting out certain provisions of the policy of insurance, he alleges that while said policy was in full force and effect his 100-acre cotton crop was visited by a terrific hailstorm which destroyed completely 30 acres thereof, and that the remaining 70 acres were damaged to the amount of 80% of their value. That the reasonable and fair value of the portion of the crop so destroyed was $1,000. That under the terms of said insurance policy, the plaintiff had 60 days from the date of the loss in which to settle with defendant and during said 60 days defendant could not sue the plaintiff on said policy. He further pleaded that 'on account of defendant's loss prior to the time of the date of said note coming due, and on account of the liability of the plaintiff to the defendant accruing on said insurance policy said note should have been canceled and returned to defendant by plaintiff and the amount thereof deducted from the amount owing defendant from plaintiff, which should have been done prior to the institution of this suit.'

"He further pleaded that plaintiff, 'in order to obtain a fictitious jurisdiction of the subject matter of this suit and of the person of this defendant, and thereby deny him the rights of trial in the jurisdiction of the court given him by the Constitution and laws of this State, said plaintiffs instituted this suit 18 days before the defendant could have filed suit on the policy by the terms thereof; and, further, in order to bolster up their said claim as a pretense of jurisdiction, said plaintiff falsely alleges that there is and was no liability on said policy, when in truth and in fact at the time of making said allegations they were

known by plaintiffs to be false and were only made for the purpose of obtaining jurisdiction of this case in a foreign court.'

"The defendant further pleaded that, after the expiration of the limit of 60 days, he had filed suit against the plaintiff in the District Court of the 106th Judicial District, in and for Terry County. He further alleged that the cause of action, if any, the plaintiff had against him, was recovery on the note for $140, together with $44.00, alleged expenses incurred in the inspection, appraisal and arbitration of the item of damage to the cotton crop of defendant, and that the total of said items was not within the jurisdiction of the District Court. Defendant prayed that, by reason of his pleas, the trial court take no further jurisdiction over the cause of action. He further pleaded, without waiving his plea to the jurisdiction of the court, and entered a general denial.

"On December 21, 1925, the defendant filed what he called his 'supplemental plea to jurisdiction' of the trial court. After pleading that the District Court did not have jurisdiction of the amount sued for, and that plaintiff's allegation that the cotton crop was of the value of $1,000 had been made for the fraudulent purpose of obtaining jurisdiction of the cause, in effect this supplemental plea to the jurisdiction covered the same grounds as the original plea. Without waiving any of his pleas to the jurisdiction of the court, defendant excepted generally to plaintiff's petition and cause of action, and specially excepted to the item of $44.00 sought to be recovered by plaintiff, alleged to have been incurred in inspecting and appraising and attempting to adjust the defendant's loss, because the same was not itemized and it was not shown for what or to whom the said sum of money was paid, and then he entered his general denial. This petition was verified.

"On the same day, to-wit, December 21, 1925, the plaintiff filed what was styled 'plaintiff's replication to defendant's plea to jurisdiction.' In this pleading was contained a number of special exceptions to defendant's pleading; and was a general denial to defendant's cross action. On the same day, and after, apparently, the filing of the other pleas by defendant and plaintiff, the defendant filed his so-called 'defendant's exception to plaintiff's cause of action,' which, omitting formal parts, is as follows:

"'Now comes the defendant A. F. Schofield for answer and replication to plaintiff's answer and replication to defendant's pleas to jurisdiction of this court and answer—and for such answer and replication and specially excepts to paragraph 3, in

plaintiff's original petition and paragraph 1 in plaintiff's replication for the reason that at the time plaintiff filed the suit no such claim had been asserted in the courts against plaintiff, and none could have been asserted, as the 60 days from and after the alleged injuries to defendant had not expired, and by the terms of said policy, no suit could have been instituted by the defendant against the plaintiff after the suit was filed herein by the plaintiff and said claim of defendant was not then a subject of litigation.

" 'Whereas, defendant prays that his said exception to said claim and the cancellation thereof be sustained.'

"On December 22, 1925, the trial court overruled the defendant's plea to the jurisdiction of the court, and overruled the defendant's general demurrer; the court also overruled the plaintiff's demurrer to the defendant's plea to the jurisdiction of the court. Then the defendant, upon application in open court, was permitted to withdraw his cross action, so-called.

"The judgment contains this recitation:

" 'Thereupon came on to be heard the exception of the defendant, addressed to paragraph '3' of the plaintiff's original petition and to the cause of action asserted therein, in which the plaintiff seeks to cancel and avoid, for alleged fraud, a claim urged by the defendant against the plaintiff in the sum of $400, and to recover $44.00 expenses incurred relative thereto. And the court, after hearing and considering such exceptions, is of the opinion that the same should be and it is hereby sustained; to which action of the court in considering the defendant's special exception to its said cause of action, and in thereby dismissing the same from this suit, the plaintiff then and there excepted.'

" 'The court then rendered judgment for plaintiff on the promissory note sued on, in the sum of $147.58, principal and interest, and the further sum of $35.00 which the court found to be a reasonable attorney's fee. The chattel mortgage lien on the defendant's crop of cotton was ordered foreclosed. From this judgment the plaintiff has appealed, on the ground that the trial court gave it insufficient relief.

"In the consideration of two of the questions involved in this case, the members of this court are not entirely agreed as to how they should be determined. In the first place it is urged by appellant that in view of the fact that defendant had pleaded a general denial in his answer filed on November 19 to plaintiff's original petition, in which plaintiff had prayed for a cancellation of the $400 claim, and had prayed for a recovery of $44.00 expenses, that his exception thereto for cancellation of defendant's claim for $400, filed December 21, was not made in due

order of pleading, nor was the exception in due order of pleading to plaintiff's first paragraph of its replication to defendant's plea to the jurisdiction."

As shown by the transcript which accompanies the certificate, the plaintiff in its petition also alleged that the insurance contract provided that the insurer should not be liable for loss or damage unless such loss or damage should equal five per cent or more of the total amount of insurance.

The controlling question propounded is whether the trial court erred in sustaining the exception to plaintiff's claim for expenses incurred by it in investigating defendant's claim of loss under the insurance contract.

The purpose of plaintiff's suit was to recover on the note executed in consideration of the policy protecting defendant against loss and also for its expenses incurred in investigating the claim of loss. Both of these items, for which recovery is sought, were directly connected with the contract of insurance. If allegations of fact contained in the petition are true, defendant had agreed to pay both the note and the expenses. The allegation that the claim for loss made by the defendant was fraudulently made was not necessary to a recovery of the expenses incurred. The allegation that the loss sustained was less than five per cent of the amount of insurance tendered in issue, a fact which would determine the defendant's right to recover on his claim for loss, and a recovery of any amount for expenses incurred would estop the defendant from thereafter successfully maintaining an action for loss. For this reason, plaintiff's prayer for judgment canceling the claim was immaterial. A judgment in plaintiff's favor for expenses would necessarily have the effect to cancel defendant's claim regardless of whether the judgment expressly so decreed. The special exception sustained by the trial court was in its nature a general demurrer to that part of plaintiff's cause of action which sought recovery for the expenses incurred. Under our system of pleading it is well settled that the two items upon which recovery is here sought may constitute a single cause of action, and that recovery may be had in the same suit. Milliken v. Callahan Co., 69 Texas, 209, 6 S. W., 681.

The trial court erred in sustaining the exception, and we recommend that this question be so answered.

The opinion of the Commission of Appeals answering certified questions is adopted and ordered certified to the Court of Civil Appeals.

*C. M. Cureton*, Chief Justice.