Leonard **HYATT**, Appellant,

v.

**RADIO STATION WLOU**, a Kentucky Corporation, Appellee.

No. 5507.

Court of Civil Appeals of Texas.

El Paso.

Feb. 7, 1962.

Rehearing Denied Feb. 28, 1962.

Walter G. Lagerquist, Jr., San Antonio, for appellant.

LeLaurin, Chamberlin & Guenther, San Antonio, for appellee.

LANGDON, Chief Justice.

Appellant, Leonard Hyatt, was defendant in a suit brought by appellee, Radio Station WLOU, in Bexar County Court at Law No. 3, to recover the sum of $289.28 allegedly due the radio station for advertising performed pursuant to the terms of a written contract between the parties.

Appellee alleged that a written contract was entered into calling for payment by appellant based solely upon the number of times the advertising was performed. Appellant admitted signing the written instrument, but pleaded that the contract consisted not only of the written instrument, but also of certain letters exchanged between the parties, and that such letters constituted a guarantee by appellee that the advertising would produce a minimum number of inquiries per program. Appellant alleged that he executed and delivered the written instrument conditioned upon appellee's guarantee of eight inquiries or leads per advertising program. He also alleged that appellee's programs failed to produce the minimum number of inquiries and, consequently, he was not indebted to appellee.

Appellee admitted having received the letters referred to in appellant's pleadings and also admitted that the programs performed under the contract failed to produce as many as eight inquiries or leads per program, but contends that the condition set by appellant was not a part of the agreement, nor a condition of same.

Trial was had before the court without a jury, resulting in a judgment for appellee (plaintiff) for the amount claimed, together with interest and attorney's fees, from which judgment appellant has perfected his appeal.

Appellant has predicated his appeal upon two points, the first of which is a "no evidence" point, by which it is simply contended that "the judgment of the trial court is not supported by any competent evidence."

■ "No evidence" points may be sustained only in the event that the record discloses (a), a complete absence of evidence of a vital fact; (b), the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (c), the evidence offered to prove a vital fact is so weak as to be no more than a scintilla; or, (d), the evidence establishes conclusively the opposite of the vital fact.

■ We do not believe that appellant's Point One can be sustained under any applicable theory of "no evidence". Appellee has sued on a written contract which was admittedly signed by appellant. The contract is in evidence, is complete on its face, and there is no allegation that it was obtained by fraud, accident or mistake. Had there been a failure on the part of the appellee to introduce the contract in evidence, prove up its execution, or a complete failure to otherwise establish the vital terms of the contract sued upon (such as occurred in Aetna Insurance Co. v. Klein, 160 Tex. 61, 325 S.W.2d 376), a different result might be reached. Appellant's Point One is accordingly overruled.

Appellant's Point Two, while not strictly a true "no evidence" point, is based on the

contention that "the trial court erred in rendering judgment for plaintiff because the uncontroverted evidence shows that the defendant entered into the advertising contract upon the express condition that plaintiff guarantee that it would produce eight leads or inquiries per day, and plaintiff accepted the contract with such condition, but failed to perform such condition or guarantee."

■ As we understand appellant's Point Two, it is either a "no evidence" point, or it is simply a contention that the evidence establishes conclusively the opposite of the vital fact required to support the trial court's judgment. In any event, before appellant is entitled to have the judgment rendered by the trial court reversed and judgment rendered in his favor, it must appear conclusively that the contract signed by appellant was executed and delivered by him upon condition that appellee would guarantee the production of a minimum of eight leads or inquiries per program, and it must further conclusively appear that appellee accepted the agreement so conditioned and thereby made the guarantee. We do not believe the evidence offered by appellant is such as would compel either of these conclusions. The general rule is that, in the absence of fraud, all prior and contemporaneous negotiations, whether written or unwritten, are merged into the written contract. In such case, in the absence of fraud, accident or mistake (neither plead nor proven here), courts are required to conclusively presume that the final written contract contained the whole agreement. Since the "condition" or "guarantee" asserted by appellant was not expressly provided, and since it is not such a condition or guarantee as may be implied from the writing, it will be presumed that the parties intentionally omitted the condition, and courts will not re-write the contract in order to impose a condition, or engraft a warranty or guarantee which the parties themselves, however improvident, failed to provide. Milliken v. Callahan County, 69 Tex. 205, 6 S.W. 681; Alamo Lumber Co. v. Fahrenthold, Tex.Civ.App., 58 S.W.2d 1085 (wr. ref.); 17 C.J.S. Contracts § 381, p. 872 et seq.

■ We have concluded that both points raised by appellant on this appeal are "no evidence" points. A "no evidence" point raises a question of law and, in such case, it is the duty of appellate courts to view the evidence in the light most favorable to the verdict and to disregard all evidence which is adverse, contrary, or conflicting to the favorable evidence. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 23 A.L.R.2d 1114; Montgomery Ward & Co. v. Scharrenbeck, 146 Tex. 153, 204 S.W.2d 508; Robertson v. Robertson, 159 Tex. 567, 323 S.W.2d 938; Cartwright v. Canode, 106 Tex. 502, 171 S.W. 696.

Applying the rule stated above, we have concluded that there is evidence to support the judgment of the trial court.

■ If it be contended that appellant's second point is not a "no evidence" point, but one by which it is asserted that the evidence establishes conclusively, or as a matter of law, that the parties entered into the advertising contract upon the express condition that appellee (plaintiff) guarantee that its programs would produce a minimum of eight leads or inquiries per program (which we believe would have been a better contention)—still, the point must be overruled. Even if it be assumed (which we do not) that the letters which passed between the parties prior to and contemporaneous with the execution of the formal contract may, under some theory, be considered for the purpose of determining the intent of the parties, the contract becomes, at best, ambiguous. In such cases, the trial court's decision is determined by facts adduced from the evidence, and may not be decided solely as a matter of law.

Having carefully considered each of appellant's points, we are of the opinion that they, and each of them, should be overruled.

Finding no error, the judgment of the trial court is affirmed.