W. Edd BROWN, Appellant,

v.

Richard F. STOVALL et al., Appellees.

No. 7418.

Court of Civil Appeals of Texas.

Amarillo.

Nov. 30, 1964.

James P. Donovan, Dallas, for appellant.

Crenshaw, Dupree & Milam, Lubbock, Stovall & Stovall, Plainview, Spence, Martin & Richie, Wichita Falls, for appellees.

NORTHCUTT, Justice.

W. Edd Brown brought this suit against Bernard Martin, Richard F. Stovall and Robert Stovall for loss of cotton and wheat allotments on certain land owned by Martin contending he, Brown, had a contract with Martin that gave him the right above all other persons to rent the property in question. Brown further contended that Martin breached his contract and that Martin and the Stovalls were guilty of fraud and conspiracy which caused Brown to lose the use of the land in question and thereby causing him to lose his cotton and wheat allotments and resulting damages. Brown will hereafter be referred to as appellant and the other parties as appellees.

Appellant presents this appeal upon three points of error contending the court erred in holding the contract sued upon was unambiguous; in determining disputed issues of fact relevant and material to decision of the case and in granting motion for summary judgment on an ambiguous contract and in refusing to submit material issues of fact to a jury.

The sole issue as to whether appellant had a contract with Martin to have the prior right to renew the lease was based upon one sentence in a letter written by Martin in reply to a letter written to Martin by appellant. Brown had been renting the land in question for a number of years. Brown had a lease on the land for a period of three years beginning July 15, 1954, and ending July 14, 1957. On May 6, 1957, Brown wrote Martin inquiring as to the possibility of a renewal lease upon the expiration of the lease ending July 14, 1957. In the letter of May 6, 1957, it is stated:

"Since I do not have any commitment for the coming year from you I hardly feel justified in jumping in and spending the $1000.00 that it will cost to plow the land at this time. Of course I appreciate the fact that you have always given me the option of renewal of the lease for the past 20 years or more, and due to this fact I would normally go ahead and make the setup for the fall sowing of wheat, but the cost of operating a farm is more than double what it was in prior years and this naturally 'slows' a fellow down when he is not definitely sure of himself."

On May 7, 1957, Martin answered the letter of May 6, 1957, in which he stated: "Yes, I have always given you the refusal of renting my land and am going to do so this time." On May 10, 1957, Martin and Brown entered into a lease for the term beginning July 15, 1957, (being the end of their former lease) and ending July 14, 1962.

Brown contends that the sentence, "Yes, I have always given you the refusal of renting my land and I am going to do so this time," gave him the right to renew his lease expiring on July 14, 1962, and that that was his understanding. We are unable to see how anyone could contend this sentence to be ambiguous. The letter could mean nothing more than that Martin would give him the refusal, at the end of his lease on July 14, 1957, to a renewal. They did at that time, as mentioned in the letter, enter into a written renewal lease for five years ending July 14, 1962, but that sentence could not be construed as giving Brown the right to renew his lease ending in July 1962.

On May 10, 1962, appellant wrote Martin offering to renew the lease. Martin answered that letter telling appellant that he could not accept his offer and that he would expect immediate possession of the land on the expiration of the lease contract on July 14, 1962. On June 9, 1962, appellant wrote Martin in which he stated: "I appreciate the fact that it is your land

and you are at liberty to handle it as best suits you," but requested Martin to reconsider the possibility of leasing him on the same basis at the expiration of the existing lease. Martin on June 12, 1962, answered the letter of June 9, 1962, reaffirming his intention to take possession upon the expiration of the lease in July 1962. During all of this correspondence appellant never indicated to Martin that he had any idea that he thought that Martin had ever given him the right to renew the lease ending in July 1962 but did state in terms that he appreciated the fact that Martin had the right not to renew the lease.

■ The letter of May 7, 1957, being the letter upon which appellant contends he thought gave him the right of renewal, is not ambiguous since it could have but one meaning and that is that Martin did give him the refusal of renting the property to begin July 15, 1957. Martin did give him the five-year lease beginning July 15, 1957, and ending July 14, 1962. Parol evidence is not admissible to create an ambiguity in a written instrument. It is stated in Lewis v. East Texas Finance Co., 136 Tex. 149, 146 S.W.2d 977, as follows:

"If a written contract is so worded that it can be given a certain or definite legal meaning or interpretation, it is not ambiguous. It follows that parol evidence is not admissible to render a contract ambiguous, which, on its face, is capable of being given a definite certain legal meaning. This rule obtains even to the extent of prohibiting proof of circumstances surrounding the transaction when the instrument involved, by its terms, plainly and clearly discloses the intention of the parties, or is so worded that it is not fairly susceptible of more than one legal meaning or construction. Anderson & Kerr Drilling Co. v. Bruhlmeyer, 134 Tex. 574, 136 S.W.2d 800, 127 A.L.R. 1217."

See also Dickey v. Bird, Tex.Civ.App., 366 S.W.2d 859 (N.R.E.).

■ The construction of an unambiguous contract is a question of law and not of fact and is for the court and not for the jury. It is stated in the case of City of Houston v. Howe & Wise, Tex.Civ.App., 323 S.W.2d 134 (N.R.E.) as follows:

"It is elementary that the construction of a contract is for the court and not the jury. Tower Contracting Co., Inc. v. Flores, Tex.Sup., 302 S.W.2d 396. Nor is it admissible to construe by parol testimony a written contract and thus prove its contents when the contract itself is before the court and is free from ambiguity. City of San Antonio v. Lewis, 9 Tex. 69; Brown v. Payne, 142 Tex. 102, 176 S.W.2d 306. In Gulf States Equipment Co. v. Toombs, Tex.Civ.App., 288 S.W.2d 203, writ ref., n. r. e., it was held that the court improperly submitted to the jury the issue as to whether the appellee *breached his contract*. See Southern Travelers' Ass'n v. Wright, Tex.Com. App., 34 S.W.2d 823."

See also Arnold v. Ashbel Smith Land Company, Tex.Civ.App., 307 S.W.2d 818 (N.R.E.).

■ There is no contention here of any fraud in entering into the lease agreement covering the period from July 15, 1957, to July 14, 1962. In the absence of fraud all prior and contemporaneous negotiations, whether written or unwritten, between appellant and Martin were merged into the written lease. Hyatt v. Radio Station WLOU, Tex.Civ.App., 354 S.W.2d 415 (N.W.H.). Since there is no showing whatever that Martin, after executing the lease effective from July 15, 1957, to July 14, 1962, ever said or did one thing to let appellant believe that he had the right or privilege to renew said lease, appellant had no right to a renewal thereof.

■ As to appellant's contention of fraud on the part of appellees, we are unable to find in this record any evidence of probative force to substantiate any such

contention. The only evidence is based upon the mere suspicion and not based upon any facts and therefore constitutes no evidence. Even if it be considered that appellees Stovalls made some false statements to the Agricultural Soil Conservation Committee after leasing the land, that would form no basis for damages for which this appellant could recover. Reagan v. Guardian Life Insurance Company, 140 Tex. 105, 166 S.W.2d 909.

We have carefully considered all of appellant's assignments of error and are unable to find any question of fact to be submitted to a jury and think the court was correct in granting the summary judgment.

Judgment of the trial court is affirmed.

CHAPMAN, J., not participating.