**Rufus ELLIS, Plaintiff-Appellant,**

v.

**AMERICAN BIOMEDICAL CORPORA-TION, a Texas corporation, Defendant-Appellee.**

No. 72–1002

Summary Calendar.[*]

United States Court of Appeals, Fifth Circuit.

July 21, 1972.

Hugh M. Davenport, Harold B. Haimowitz, Jacksonville, Fla., and Greene, Greene, Smith & Davenport, Jacksonville, Fla., for plaintiff-appellant.

---

[*] Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al. 5th Cir. 1970, 431 F.2d 409, Part I.

John J. Hines, Steven A. Werber, Jacksonville, Fla., William Woodburn, Dallas, Tex., Smith, Hulsey, Schwalbe, Spraker & Nichols, Jacksonville, Fla., for defendant-appellee.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

PER CURIAM:

Plaintiff, Rufus Ellis, sued defendant, American Biomedical Corporation, for commissions due under an employment contract. The agreement gave plaintiff exclusive territory in Alabama, Georgia, and Florida in which to sell and promote defendant's services. Defendant is in the business of providing a reference laboratory for physicians and hospitals on a mail order basis. Samples are mailed to defendant's labs and tested in highly technical and advanced computer-type machinery, which provides a fast and broad result. Test results are then furnished to the customer by mail or by a teletype procedure.

At the time of the employment agreement, all of the testing was done in a Texas laboratory. Subsequently, defendant acquired all of the stock of two separately incorporated laboratories located in Florida, within the plaintiff's exclusive territory.

The district court entered a partial summary judgment in favor of the defendant holding that the plaintiff was not entitled to recover commissions for laboratory work performed by these wholly-owned corporations. We affirm.

■■ The contract controls the case. The thrust of plaintiff's appeal is that the court should have considered parol evidence in construing the contract between the parties. However, Texas law, which is to govern according to the contract, clearly holds that if a contract on its face is capable of being given a definite legal meaning, parol evidence cannot be used to render it ambiguous. Davis v. Andrews, 361 S.W.2d 419 (Tex.Civ.App.1962); Brown v. Stovall, 384 S.W.2d 773 (Tex.Civ.App.1964); Lewis v. East Texas Finance Co., 146 S.W.2d 977 (Tex.1941); Barr v. S. W. Wholesale Furniture & App. Co., 331 S.W.2d 343 (Tex.Civ.App.1960). "In the absence of fraud, accident or mistake, parol evidence is inadmissible to vary, add to, or contradict the terms of a valid written instrument." Patton v. Crews, 264 S.W.2d 467, 469 (Tex.Civ.App.1954).

■ The contract specifically provided that Ellis was to receive commissions from all clinical laboratory business "performed under contract or agreement with the Industrial Division of BIO–ASSAY." (American Biomedical was known as BIO–ASSAY LABORATORY, INC. at the time of the execution of the agreement).

The contract then went on to provide as follows:

"In the event BIO–ASSAY shall acquire by purchase, merger or other means, a clinical laboratory located within the three state territory, ELLIS shall continue to receive the commissions above provided for on that amount of work which such acquired laboratory refers to BIO–ASSAY Nothing herein shall be construed as to limit, the right of BIO-ASSAY to acquire any laboratory of its choice within the three state territory."

We agree with the district court that this contract was clear and unambiguous, that parol evidence could not be considered in the interpretation of the contract, and that by the terms of the agreement, plaintiff was not entitled to commissions for laboratory work actually performed by the separate wholly-owned corporations as opposed to commissions on work which was referred by those laboratories to the defendant.

Affirmed.