Jess O. **COLEMAN**, Appellant-Plaintiff,

v.

**CONTINENTAL CATTLE COMPANY,**
Appellant-Defendant.

No. 8263.

Court of Civil Appeals of Texas, Amarillo.

Dec. 4, 1972.

Rehearing Denied Jan. 2, 1973.

Spillman & Spillman, Wellington, Williams, Broughton & Forbis (John T. Forbis), Childress, for appellant-plaintiff.

Lemon, Close, Atkinson & Shearer (R. D. Lemon), Perryton, for appellant-defendant.

JOY, Justice.

Suit upon a contract to sell and purchase cattle was brought by Jess O. Coleman, the seller, against Continental Cattle Company, the purchaser. Both parties have brought this appeal from the trial court's judgment. Reformed and affirmed.

The contract was entered into on the date of February 22, 1969, wherein Coleman agreed to sell 1,250 head of cattle to Continental. The contract specified the delivery date of September 1, 1969, and further provided for the cattle to be taken off feed and water on the delivery date. Continental also had the right to reject or "cut off" 15% of the total number of steers after weighing of the cattle on the Coleman ranch. The contract also specified that the sale was FOB at Coleman ranch scales. The parties to the contract, in accordance with the custom of the business of buying and selling of cattle, agreed to a 3% weight reduction from the Coleman ranch scale weight of certain cattle, and a 1½% reduction of other designated cattle to allow for anticipated "shrink" or "shrinkage" in the cattle weight. The delivery date of the cattle at the Coleman ranch scales was agreed by the parties to be September 2, 1969. On that date the agent for Continental, supervising the weighing and loading of the cattle, questioned the accuracy of the Coleman ranch scales but Coleman insisted that the ranch scales were correct. Continental issued its checks to Coleman in payment for the cattle based upon the ranch scales weights but later stopped payment and re-issued checks based upon weights of the cattle at Wheatheart Feeders, Inc., Perryton, Texas, the final destination of the shipped cattle. The cattle weighed 662,768 pounds after deduction of the agreed shrinkage weight on the Coleman ranch scales. Evidence introduced by Continental reflected lesser weights at the Wheatheart Feeders, Inc. scales, with the actual scale tickets reflecting lesser weights than the ranch scales; however, written evidence introduced by Continental as defendant's exhibits nos. 13 and 14 reflect a gross weight of the cattle at Wheatheart scales as 663,395 pounds, 630 pounds more than the gross weight at the Coleman ranch scales reduced by the agreed upon shrinkage. The trial court filed findings of fact and conclusions of law and, based upon those findings, rendered judgment for Coleman for $5,302.62 against Continental, which was some $6,000.00 less than the agreed upon price of the cattle as weighed upon the Coleman ranch scales.

Coleman, as appellant, contends by his first three points of error that the trial court erred in permitting parol evidence to vary the terms of a written contract, in the absence of pleadings of fraud, accident or mistake. We sustain these points. The contract is unambiguous and clearly provides for payment by Continental to Coleman of a consideration of $28.00 per hundred weight for the cattle based upon the Coleman ranch scales weight. Continental does not contend that the contract is ambiguous or unclear or uncertain. Continental's only defense to the suit is that the Coleman ranch scales incorrectly weighed the cattle and that the Wheatheart scales correctly weighed same. Although Continental alleges and attempts to show that at the time of the weighing of the cattle on the Coleman scales the scales were not weighing correctly, Continental continued

to weigh and accept all of the cattle. Although Continental's representative testified that he told Coleman the scales were incorrect and that the cattle would be reweighed at Wheatheart Feeders, Inc. in Perryton, there is no evidence Coleman agreed to the reweighing. In fact, there is no evidence that Coleman ever agreed to weigh the cattle at any other place other than the contracted and agreed upon place of weighing, the Coleman ranch scales. Coleman testified that he would not have permitted Continental to remove the cattle from his ranch had he not expected to be paid from the weight as provided in the contract. Further, Continental's representative testified that he did not think Coleman would have permitted Continental to remove the cattle if Continental was not to pay on the weights as reflected · by the Coleman scales. As stated in Guarantee Life Ins. Co. v. Davidson, 234 S.W. 883, 884 (Tex.Com.App., 1921, opinion adopted):

> "A contract which has been reduced to writing, and imports on its face a complete expression of the whole agreement, without any uncertainty or ambiguity as to the object and extent of the engagement, must be taken as expressing the final views of the parties, as well as the full consummation of their undertaking. Milliken v. Callahan Co., 69 Tex. 205, 6 S.W. 681.

> "In the absence of fraud, accident, or mistake, parol evidence is inadmissible to vary, alter, or add to the terms of a written contract, clear in its terms, unless upon its face it in some manner rebuts the presumption that it is complete. This rule forbids the adding by parol where the writing is silent, as well as to vary where it speaks. (citing cases)."

The failure to plead fraud, accident or mistake prevented the defendant Continental from introducing parol or extrinsic evidence of weights of the cattle other than those at the Coleman ranch scales. Continental's own evidence assures that no other

agreement was made by Coleman. The parties having stipulated and agreed upon the total weight of the cattle delivered to Continental by Coleman at the Coleman ranch scales, and no allegations or evidence of fraud, accident or mistake having been made or introduced, the contract is enforced as executed by the parties.

We have examined the points of error of Continental as appellant and find them without merit in view of our disposition of the cause on the basis of the contract as above stated. The judgment of the trial court is reformed to grant recovery by Coleman against Continental in the amount of $11,339.72 with interest at the rate of 6% from the date of the judgment.

Reformed and affirmed.