**HOUSTON TRANSFER & CARRIAGE CO. et al. v. WILLIAMS. (No. 168–3175.)**

(Commission of Appeals of Texas, Section A. May 26, 1920.)

**1. Wills ⊙⟾748—In action by widow on note of deceased husband, acceptance under will as legatee will be presumed.**

In an action by a widow on notes of deceased husband, widow's right to recover as legatee under husband's will being inconsistent with her right to recover as an heir of the husband, and the evidence showing that the will was duly probated, and there being no evidence that the widow declined to accept as such legatee, it will be assumed that she accepted as legatee under the will.

**2. Witnesses ⊙⟾150(3)—Legatee not entitled to exclusion of testimony as to transactions with decedent.**

In an action by a legatee on a note bequeathed, defendants cannot be precluded from testifying to statements by or transactions with the deceased during his lifetime concerning the subject-matter of the suit, under Vernon's Sayles' Ann. Civ. St. 1914, art. 3690; legatees not being mentioned in the statute.

**3. Evidence ⊙⟾441(9)—Bill of sale cannot be enlarged or diminished by contemporaneous or prior stipulation.**

The rights of parties under a bill of sale are to be measured by the terms of the written contract, and cannot be enlarged or diminished by contemporaneous or prior stipulations, in the absence of fraud, accident, or mistake in merging the agreement into the written contract.

**4. Good will ⊙⟾6(2)—Sale of good will of business did not prevent lease of building.**

Covenant of good will in the sale of a transfer and storage business was not violated by the seller's devisee and heir renting other property to another person to carry on the same business and to use the telephone number on such premises formerly used by the seller, provided that the only interest the lessor had in the venture was the leasing of the property.

**5. Contracts ⊙⟾1—Restraint may not rest upon inference.**

No restraint of trade under a contract of sale of a business with good will covenant may rest upon inference; a stipulation being necessary.

Error to Court of Civil Appeals of First Supreme Judicial District.

Suit by Mrs. Emma Williams against the Houston Transfer & Carriage Company and others. From a judgment of the Court of Civil Appeals (201 S. W. 712), affirming a judgment in favor of plaintiff, defendants bring error. Judgments reversed, and cause remanded.

Kennerly, Williams, Lee & Hill and Geo. A. Hill, Jr., all of Houston, for plaintiffs in error.

A. R. & W. P. Hamblen, of Houston, for defendant in error.

SPENCER, J. Mrs. Emma Williams, defendant in error, brought this suit to recover of plaintiffs in error upon certain promissory notes, which plaintiff in error Houston Transfer & Carriage Company, a corporation, by its president, W. I. Ford, had executed to C. C. Williams, the deceased husband of defendant in error; the notes having been indorsed by R. R. Eagan and plaintiffs in error W. I. Ford, George A. Hill, and N. E. Hildebrand.

The notes were executed as part of the consideration for the sale by C. C. Williams to the corporation of a transfer business in the city of Houston. Plaintiffs in error contended that the consideration had failed, in that C. C. Williams represented that the accounts due said business, which he transferred to it, were secured by goods deposited in his warehouse, but that said goods were not in fact in said warehouse, and, further, that the bill of sale—which constituted the agreement between the parties—contained a good will covenant, which had been violated by defendant in error leasing the premises at 1604 Oak street to competitors and permitting the lessors to use the telephone number at the leased premises.

In support of the contention that the goods securing the transferred accounts were not in the warehouse, plaintiff in error introduced the testimony of George A. Hill, N. E. Hildebrand, and C. S. Davidson, former general manager of the company, which testimony was sufficient to raise the issue of failure of consideration. Upon motion of defendant in error, the testimony was stricken out, upon the ground that it was within the inhibition of article 3690, which forbids the testimony of a party to any transaction with a decedent in an action by executors, administrators, heirs, or legal representatives, in which judgment may be rendered for or against them as such, unless called for by the opposite party.

The jury was instructed to return a verdict for the defendant in error, and judgment was rendered thereon. Upon appeal, the Court of Civil Appeals held the testimony inadmissible, as being in contravention of Vernon's Sayles' Ann. Civ. St. 1914, art. 3690, and affirmed the judgment. 201 S. W. 712.

Defendant in error alleged, and plaintiffs in error agreed, that C. C. Williams, deceased, left a written will, which had been duly probated, naming defendant in error as the sole legatee. It was also agreed that she was the only heir of C. C. Williams, deceased.

[1] Defendant in error's right to recover as

legatee under the will being inconsistent with her right to recover as an heir of C. C. Williams, and the evidence showing that the will was duly probated, and there being no evidence that defendant in error declined to accept as such legatee, we must assume that she accepted as legatee under it.

[2] The defendant in error, claiming ownership of the notes as legatee, and seeking to recover in that capacity, cannot preclude the parties whose testimony was excluded from testifying to statements by or transactions with her husband during his lifetime concerning the subject-matter of the suit, upon the theory that the evidence of such parties is inhibited by the provisions of article 3690. Legatees are not mentioned in the article, and the Supreme Court, speaking through Judge Gaines, held that, as the exceptions of the statute do not include legatees, it cannot be extended by implication to include legatees, although the reasons for embracing them may be as strong as those which exist for including the persons expressly designated. Newton v. Newton, 77 Tex. 508, 14 S. W. 157.

[3] With reference to the assignment complaining of the violation of the good will covenant, it is observed that the bill of sale contains no restrictive clause binding defendant in error not to lease the property for a competitive business; neither does it contain a restrictive clause preventing the use of the telephone number. Their rights are to be measured by the terms of the written contract, and cannot be enlarged or diminished by contemporaneous or prior stipulations, unless there be allegations and proof of fraud, accident, or mistake in merging the agreement into the written contract.

[4, 5] Plaintiffs in error seek to give the term "good will" such signification as to include a restriction on the part of defendant in error to lease the premises at 1604 Oak street for a competitive business, and also to prevent the use of the telephone number at that point by the lessee. We do not think that the term is comprehensive enough to include such restrictions. The mere purchase of a good will is insufficient, in the absence of an express covenant, to restrict a party in the enjoyment of a right which he has not bargained away. Had plaintiffs in error desired the restrictions mentioned, they should have secured them by positive agreement.

No restraint of trade may rest upon inference; a stipulation is necessary. Cottrell v. Babcock Ptg. Press Mfg. Co., 54 Conn. 122, 6 Atl. 791. It was decided at an early date that a person who sells a good will is not prevented from leasing other property he may own in the neighborhood to another person to carry on the same business, provided, of course, that the only interest the lessor had in the venture was the leasing of the property. Bradford v. Peckham, 9 R. I. 250,

We recommend, therefore, that the judgments of the Court of Civil Appeals and of the district court be reversed, and the cause remanded for a new trial in accordance with the views herein expressed.

PHILLIPS, C. J. We approve the judgment recommended in this case, and the holding of the Commission on the question discussed.