### J. J. Ellerd v. Keller J. Bell et al.

No. 3592. Decided March 28, 1923.

(249 S. W., 456.)

**1.—Written Contract—Varying by Parol Evidence.**

A written contract (for purchase of materials for construction of a silo) cannot be varied by evidence of a parol undertaking, prior or cotemporaneous, changing its terms, where the writing imports a statement of the whole engagement of the parties, especially where it distinctly states that it does so, and there is no plea of fraud, accident or mistake in making it. White, Ward & Erwin v. Hager, 112 Texas, 516, and numerous cases followed. (pp. 540-542).

**2.—Same—Failure in Performance—Subsequent Agreement.**

In suit on written contract for purchase of materials for construction of silos, defendant pleaded and proved a failure to furnish such as the contract called for, but was denied the right to show that he refused to accept same except on an undertaking by the seller, not performed, to erect the silos therewith and show that they answered the purpose to his satisfaction, on the ground that this varied the written contract by parol. *Held,* that he was entitled to be heard on his plea of failure to perform, and that the court erred in instructing a recovery by plaintiff for the agreed purchase price of the materials contracted for. (pp. 542, 543).

**3.—Pleading—Amendment during trial.**

Question as to abuse of discretion by the court in refusing defendant leave to amend his pleading in the course of trial, need not be determined where, the case being necessarily reversed on other points, defendant has opportunity to amend on another trial. (pp. 543, 544).

Questions certified from the Court of Civil Appeals for the Second District, in an appeal from Tarrant County.

The Supreme Court referred the questions to the Commission of Appeals, Section B, for their opinion thereon, and here adopts same as its answer to the questions certified?

*Ocie Speer,* for appellant.

The proposed testimony was relevant to and supported the defendant's plea that the contract was an oral contract, part only of which was reduced to writing; the evidence offered was not subject to the objections of plaintiffs that it varied the terms of the written contract, or that there was no allegation that it was signed in blank, such objections being inapplicable. The proposed evidence tended to show that the execution of the written order was a part only of the performance of the agreement between the parties, and that the larger and entire contract was not reduced to writing but was in parol. Stuart v. Meyer, 196 S. W., 615 (3); Hansen v. Yturria, 48 S. W., 795-7; Peel v. Giesen, 51 S. W., 44 (1); Galveston, etc. Co. v. Sparks, 162 S. W., 943 (8); 10 R. C. L., p. 1019 (211).

If the testimony offered by defendant, as shown by his Bill of Ex· ception No. 4, was technically inadmissible, because it tended to contradict the written contract between the parties, or for want of pleadings, then the court abused his discretion in not permitting the defendant to withdraw his announcement of ''ready'' in the case, and in not permitting him to amend his pleadings to meet such ruling of the Court.

The giving of a peremptory instruction, where there is a disputed question of fact in the evidence, is the denial of a constitutional right, and need not be excepted to on the trial. Buckholts State Bank v. Graf, 200 S. W., 858 (4); Owens v. Corsicana Pet. Co., 169 S. W., 192 (2); Walker v. Haley, 214 S. W., 295 (2); Decker v. Kirklicks, 216 S. W., 385 (1).

*Dedmon, Potter & Pinney,* and *Templeton & Milam,* for appellee.

Where the written instrument sued on, by it's terms, purports to cover and embrace the entire subject matter of the contract between the parties, parol evidence is inadmissible to show that such written agreement was only a part of a larger oral contract or that there was a collateral agreement inconsistent with the contract as expressed in the writing. Seitz v. Machine Co., 141 U. S., 510; Greenleaf on Evidence, sec. 275; Burchill v. Hermsmeyer, 212 S. W., 769; First-Natl. Bank of Garner v. Smith, 183 S. W., 862; James v. Doss, 184 S. W., 623; Mitchell v. Porter, 223 S. W., 197; Lanius v. Shuber, 77 Texas, 24; Holt v. Gordon, 107 Texas, 137.

A collateral agreement resting in parol, which is inconsistent with a contract in writing which on its face purports to be a complete contract, cannot be proven by oral testimony unless the written contract is properly attacked for fraud, accident or mistake. Since no such issue was raised in this case, the evidence in question was properly excluded by the Trial Court. Same authorities. Also: R. C. L., Vol. 10 p. 1019, Sec. 250; Elliott on Contracts, par. 1633; Belcher v. Mulhall and Scaling, 57 Texas, 17.

Appellant's own testimony, as set out in his Bill of Exception No. 4 which is copied in his Brief, shows affirmatively that he has no legal defense to this action, and the Court properly refused to permit him to delay the trial of the case by withdrawing his announcement and amending his pleadings so as to set up a supposed defense which his evidence would not sustain.

Under the evidence, there was no disputed issue of fact to submit to the jury, and the Court properly instructed the jury to return a verdict for the plaintiff.

MR. JUDGE POWELL delivered the opinion of the Commission of Appeals, Section B.

This cause is before the Supreme Court upon the following certificate from the Honorable Court of Civil Appeals for the Second District:—

"Keller J. Bell and Sid R. Clift, doing business under the style of "Western Silo Company," sued J. J. Ellered and another upon a written order for certain silo materials, claiming a balance of $1794.87, with interest. The defendant Ellerd answered by a general denial and specially to the effect that the written order was but a part of a more comprehensive contract; that the contract, as a whole, was to the effect that the silo company was to furnish the material specified in the order at the specified prices, and in addition thereto was to construct the silos in the manner alleged. The defendant further pleaded that the agreement was not complied with, neither as to the character of materials furnished nor had the silos been constructed as agreed upon. Upon the conclusion of the evidence, the court peremptorily instructed the jury to find for the plaintiffs in the sum of $2965.77, and the defendant has appealed.

"The plaintiffs introduced the order for the materials, but upon objection the defendant was not permitted to prove the parol contract for the construction of the silos, etc. In this connection, it appeared that the order had been signed by the defendant in blank, upon the assurance, as the defendant testified, of the selling agent that it was but an order for the materials, defendant at the time understanding that the real contract upon which he acted and which formed the consideration of his agreement to pay was oral and made

prior to the signing of the order. The defendant thereupon asked leave of the court to withdraw his announcement of ready and to amend his pleadings to meet the case in accordance with the facts as developed. This the court refused to do and gave the peremptory instruction referred to, to all of which the defendant excepted, and from the judgment which followed, has appealed and here assigns error.

"Upon the reasoning and authorities shown in our original opinion, which will be transmitted herewith, we concluded that the court erred in refusing to permit the defendant to withdraw his announcement of ready and to amend his pleadings as he sought to do, and because of the error, or supposed error, reversed the judgment, being further induced to this course by the fact that defendant's pleadings and evidence, as considered by us, raised the issue that the materials furnished were not as specified. With the indicated conclusions, however, our associate, Mr. Justice Buck, dissented on the motion for rehearing for the reasons and upon the authorities appearing in his dissenting opinion also to be transmitted herewith. Because of such dissent, and being urged thereto, we deem it advisable to certify to your Honors, for determination, the following questions:—

1.

"Did the trial court, under the circumstances stated, err in refusing to permit defendant to withdraw his announcement of ready for trial and to permit him to amend his pleadings?

2.

"Did the trial court err in rejecting the testimony offered by the defendant, tending to show that the order was but part of a larger or more comprehensive contract, partly in writing and partly oral, even in the absence of an amendment of defendant's pleadings?

3.

"Did the majority err in overruling the motion for a rehearing?"

This suit was instituted by the Silo Company upon the following written contract between it and Ellerd, to-wit:—

"Western Silo Co., Des Moines, Iowa;

May 1, 1913.

"Please ship to me the following goods on or before at once, 1913, or at your earliest convenience; Point, Hale Center, Mail Address, Plain View. R. F. D. No. ...... 4 Silos. Diameter 20; Height 34; Material 1 pc. Fir.; Price $2156.00. 1 Cutter; No. ...... Mounted; Yes. Ft. of Pipe 30; Price $287.50. Total, $2443.50.

"Terms: $300.00 Cash; bal. Feb. 1st, 1914, at 8% after Oct. 1st, 1913; less 10% discount. Bill of lading and settlement papers are to

be mailed to the First Nat. Bank of Plain View and I agree to receive the above mentioned articles and make settlement ⌐ accordance with the terms specified above immediately on receipt of the goods, F. O. B. Hale Center.

"Failure to make settlement as above specified releases the Western Silo Co. from all responsibility and makes the entire amount due.

Carload rate of freight allowed on silos. Cutters F. O. B. nearest distributing point.

"If upon receipt of silo any part is found defective or missing, I will within ten days notify the Western Silo Co. in writing and give them reasonable time to replace all such parts, and at such time as such replacements are made, their responsibility ceases.

"Title to the goods ordered and right to reclaim possession thereof for balance of purchase price shall remain in the name of the aforesaid company and in case of suit, they shall be allowed reasonable attorney's fees and any other costs incurred in prosecuting same. Venue thereof in Polk County, Iowa.

"This order can only be cancelled by purchaser sending the Western Silo Co. draft for 25% of the purchase price before shipment is made.

"This order is not binding on the aforesaid company until accepted by them in writing at their offices in Des Moines, Iowa, and I agree to hold them blameless if they are unable to make shipment on account of causes beyond their control.

"It is understood that this order constitutes the entire and only agreement between the parties hereto, and the Western Silo Co., will not, under any circumstances, allow any deductions of whatsoever nature not specified in this order.

"If this order is for an ensilage cutter, it is sold subject to the manufacturer's guarantee, as printed in catalogue.

"Salesman .............................. Signed J. J. Ellerd Crady, C. C.

"Accepted ...............................................................

Send to Western Silo Co.'

"(Note: Across the face of said order are the following words written with ink. 'O. K. Short Credit Dept.' On the back of said order are the following words written in ink: 'Received May 8, 1913. Acknowledged and Instructions sent.)' "

Upon the trial, counsel for Ellerd offered evidence tending to enlarge the written contract and vary its terms. In the main, Ellerd wished to prove that the Silo Company, and not its selling agent personally, agreed, as a part of the contract, to erect the silos before payment therefor would become due. The trial court refused all such testimony, and we think correctly so. That the contract as written is free from ambiguity is admitted by all. That being true, and

the contract appearing on its face to be a complete contract involving the sale and purchase of silo materials, extraneous evidence of prior parol agreements to the contrary are not admissible in the absence of pleadings which attempt to set the contract aside or vary the same on the ground of fraud, accident or mistake. This is the well settled law of this State. Our Supreme Court laid down the rule in Bigham v. Bigham, 57 Texas, 238, as follows:—

"The general rule is nowhere more clearly stated than by Mr. Greenleaf in his work on evidence. 'Where parties have deliberately put their engagements into writing, in such terms as import a legal obligation, without any uncertainty as to the object or extent of such engagement, it is conclusively presumed that the whole engagement of the parties, and the extent and manner of their undertaking, was reduced to writing; and all oral testimony of a previous *colloquium* between the parties, or of conversations or declarations at the time when it was completed, or afterwards, as it would tend, in many instances, to substitute a new and different contract for the one which was really agreed upon, to the prejudice, possibly, of one of the parties, is rejected. 1. Greenl., 275.'"

For other opinions to the same effect as the Bigham case, we refer counsel to the cases of Coverdill v. Seymour, 94 Texas, 1, 57 S. W., 37; Seitz v. Machine Company, 141 U. S., 510, 35 Law Ed., 837; Harper v. Lott Town & Improvement Company, 228 S. W., (Com. App.), 188; Martin v. Hemphill, 237 S. W., (Com. App.), 550; Eldora Oil Company v. Thompson, 244 S. W., (Com. Apps.), 505; White, Ward & Erwin v. Hager, 112 Texas, 516, 248 S. W., (Com. Apps., 319.

This Section of the Commission of Appeals, in opinions by the writer, in the last four cases cited has had occasion to discuss the so-called "parol evidence rule' in its various phases and collate the authorities. The case of White, Ward & Erwin v. Hager, *supra,* involved an attempt to engraft parol agreements on a contract for the sale and purchase of an automobile. We wrote an opinion answering a certified question from the Court of Civil Appeals at Dallas, holding the evidence inadmissible. Our opinion in that case was adopted by the Supreme Court early in the current month. That opinion is peculiarly applicable to the case now under consideration.

Justice Buck specifically holds this evidence inadmissible. Chief Justice Conner, for the majority of the court, does not hold it admissible. He held that the trial court abused its discretion in not permitting a withdrawal of announcement of ready by Ellerd, in order that he might amend his pleadings in such a way as to make the proffered testimony admissible.

The contract signed by Ellerd, not only appears on its face to be complete, so far as he and the Silo Company were concerned, but it

*expressly provides* as follows:—"It is understood that this order constitutes the entire and only agreement between the parties hereto, and the Western Silo Company will not, under any circumstances, allow any deduction of what-so-ever nature not expressed in this order."

Ellerd having signed this contract, he must be bound by it in the absence of fraud, accident or mistake. His pleadings, neither directly nor indirectly, set up any such defenses, or either of them. Therefore, upon such pleadings, the trial court properly excluded the evidence mentioned in the second certified question submitted to this court. We recommend that said question be answered in the negative.

But, while the written order, under the pleadings before the court, was binding upon Ellerd, it was equally obligatory upon the Silo Company. It saw fit to breach the contract, in the very beginning, by shipping to Ellerd "*two-piece* stave silo material instead of *one-piece* material." These timbers for the four silos seem to have constituted the major portion of the shipment. At any rate, under the written order, Ellerd was under no obligation in law to accept this substitute building material. Consequently, the written contract upon this portion of the shipment was breached by the Company and a new contract became necessary. This new contract seems to have been made orally and Ellerd had an absolute right to testify as to the terms of such new contract under which he agreed to accept this "*two-piece fir*" timber material. The Company claimed this matter was satisfactorily adjusted by a mere reduction in price, but Ellerd wanted to testify to the contrary and to the effect that he "didn't want the two-piece stuff at all." He said the Company's agent told him he could construct it and show him it was as good as the one-piece timbers. Ellerd said he traded for this two-piece stuff on the basis that he would accept this substitute material if the Company, through its agent, could construct the silos so as to show him that it was as good timber as what he had ordered. He wanted to testify that the silos were never constructed so as to satisfy him that the two-piece material was as good as what he had ordered; that, therefore, he did not owe for the material covered by the new contract.

It is significant, in this connection, that Ellerd did not make the cash payment to the Company and sign the notes for the deferred payments as provided in the written contract. In other words, there is ample testimony to go before the jury to sustain his contention that all he did was to pay the freight on this shipment and do what he could to help the Company show him that this two-piece material was as efficient in the construction of silos as what the written order covered.

We think, beyond question, that Ellerd had a right to make this

proof, and ʰhat the questions of fact, raised by such proof, should have gone to the jury. We think the trial court ʼimproperly permitted this case to turn upon an instructed verdict. We are clear in our view that the Court of Civil Appeals entered a correct judgment in reversing the judgment of the trial court and remanding this cause to that court upon this point. And, it follows, of course, that we also think the majority of the Court of Civil Appeals did not err in overruling the motion for rehearing filed herein by the Silo Company. We recommend that the third question be answered in the negative.

In reversing this case upon the point we have just discussed, Chief Justice Conner uses this language:—

"In addition to what we have said on the subject of amendment, it may not be amiss to observe further that, among other things, the defendants pleaded that the material furnished was not as specified, and upon the issues so presented the defendant, at all events, was entitled to be heard before the jury."

Jᵤ ⸱ice Buck does not discuss this last quotation in his dissenting opinion on the motion for rehearing.

Chief Justice Conner, for a majority of the court, reversed the judgment of the trial court for the further reason that he thought the trial court had abused its discretion in not permitting Ellerd to withdraw his announcement of ready for trial in order that he might amend his pleadings so as to break down the written contract. ·Justice Buck differs on this point because, in his judgment, "the defendant could not have pleaded any facts in his proposed amended answer which would have been admissible against the written contract and order for the goods signed by him."

In view of what we have already said, we think this case must be reversed and remanded anyway. It is entirely likely, therefore, that counsel for Ellerd will have every opportunity to amend his pleadings hereafter as he pleases before another announcement of ready for trial. Therefore, we do not think it necessary to answer the first certified question propounded. We pretermit any answer as to whether or not the trial judge abused his discretion, under all the circumstances before him, in refusing to stop this trial and permit practically a new case to be pleaded. To say the least of it, the *general theory* of our law is that parties must finish pleading their cases before announcing ready for trial. The latter part of Article 1824 of Vernon's Sayles' Civil Statutes of Texas of 1914 reads as follows:—

"All amendments to pleadings, pleas and pleas of intervention, must, when court is in session, be filed under leave of the court, upon such terms as the court may prescribe, before the parties announce ready for trial, and not thereafter."

By THE SUPREME COURT.

The opinion of the Commission of Appeals answering certified questions adopted and ordered certified to the Court of Civil Appeals. .:

C. M. Cureton, Chief Justice.