## ALAMO LUMBER CO. v. FAHRENTHOLD.
### No. 2360.

Court of Civil Appeals of Texas. Beaumont.
April 12, 1933.

Rehearing Denied April 19, 1933.

Herbert Oliver, of San Antonio, and S. B. Carr and O. F. Burney, both of Floresville, for appellant.

Jas. A. Harley, of San Antonio, and C. W. Trueheart, of Longview, for appellee.

O'QUINN, Justice.

This is a suit by the Alamo Lumber Company, a Texas corporation, against Paul M. Fahrenthold, for permanent injunction to prevent him from operating a lumber business in the town of Poth, Wilson county, Tex., and for damages caused by said Fahrenthold operating such a business at said place.

Briefly, appellant's petition alleged that on September 18, 1926, appellee sold to appellant for $25,257 in cash his lumber business, including certain lots, all fixtures, equipment, building material, and merchandise, situated in said town, excepting one iron safe; also the good will developed by appellee in his said lumber business; and that in addition to all other agreements appellee agreed with appellant that he would not engage in the lumber business in said town of Poth as long as appellant operated its lumber business there. It further alleged that all of these matters were entirely and wholly verbal, and no part of the agreement to sell, or the agreement to buy, was reduced to writing before the sale was consummated; that neither party requested that the agreement be put in writing, except as necessary to pass title to the property, and that it was not the intention of the parties, in connection with the contract of purchase and sale, to put the terms of the contract and agreements into writing.

It further alleged that appellee and his wife executed and delivered to appellant a deed conveying to appellant the real estate mentioned, and a bill of sale covering the corporeal personal property in the lumber yard, in compliance with the oral agreement to purchase and sell; that it was not the intention of the parties to put all their agreement in writing; that the agreement between appellant and appellee wherein appellee agreed not to engage in the lumber business at Poth as long as appellant operated its lumber business at said place was an agreement with appellee alone and not with his wife; and that said Fahrenthold signed the deed and the bill of sale and that he did not sign any instrument in which it would have been proper to have inserted said agreement.

It further alleged that the consideration paid to appellee was in part for the lumber

business and its good will, and part for the real estate and materials, and part for the promise of appellee not to re-engage in the lumber business. It was also alleged that as an inducement to appellant to purchase, appellee stated that he did not desire to further engage in the lumber business at Poth, but that he intended to move away, and that appellant relied upon his promise to do so.

It further alleged that it paid $10,000 for the real estate conveyed by appellee, and that of this $5,000 was for the residence of appellee which was of no value to appellant, and would not have been purchased but for appellee's promise not to further engage in the lumber business in the town of Poth as long as appellant operated its lumber business there; that it continued to operate its lumber business at said place, and is now so doing, but that appellee, in willful and intentional disregard of his promise and agreement not to re-engage in the lumber business at Poth, is actively engaged in said business at said place, and will continue to do so; that appellant has been damaged in the sum of $5,000, the amount it paid for appellee's residence, and the sum of $5,000, the amount it has lost by reason of loss of sales because of the business appellee received which otherwise would have gone to appellant, for all of which damages it prayed judgment, as well as for injunction to restrain appellee from further operating his said lumber business in the town of Poth, for as long as appellant continues to operate its lumber business at said town.

For answer appellee denied that he agreed not to engage in the lumber business in Poth as long as appellant operated its lumber business there, or that he made any such representations or promise to appellant as an inducement to it to enter into the contract in question. He also denied that appellant's purchase included the good will developed by appellee in his lumber business, and said that all prior negotiations in relation to the purchase and sale were merged into the written instruments, the deed conveying the real estate and the bill of sale conveying the personal property, which were executed and delivered on September 18, 1926, and particularly the bill of sale which, appellee says, in detail recites and specifies all character of property whatsoever, other than the real estate, that was sold to appellant for a consideration of $15,257, which said bill of sale was upon its face, and is, a complete expression of the mutual engagements and agreements of the parties thereto. Appellee further alleged that his alleged oral agreement not to engage in the lumber business, as alleged by appellant, is and would be void as against public policy except only so far as reasonably necessary and incident to the sale evidenced and effected by said written bill of sale.

The case was tried to the court without the aid of a jury, and judgment rendered for appellee. From this judgment, appellant brings this appeal.

At the request of appellant the court filed his findings of fact and conclusions of law. There is also a full and complete statement of the facts in the record duly agreed to by the parties and approved by the court. From these it appears that the negotiations between appellant and appellee for the purchase and sale of the lumber business at Poth were entirely oral, and that an agreement for the sale and purchase, including all the terms of sale, was reached on September 14, 1926. An inventory of the property on the lumber yard had to be taken. This was concluded on September 17th and the deed to the real estate and the bill of sale to the corporeal personal property were executed and delivered on September 18, 1926. When the oral agreement on the part of appellee to sell and of appellant to buy the property was reached, appellee asked appellant if it was necessary for the contract of sale to be in writing and was told by appellant that it was not. The execution of the deed by appellee and his wife conveying the real estate, and the bill of sale conveying the corporeal personal property to appellant closed the deal, and was the consummation of the previous negotiations. They were drawn by appellee's lawyer. The court, in his findings of fact, found that in the oral negotiations between the parties looking to the sale, appellee did include the good will of his business and did agree not to re-enter the lumber business in the town of Poth as long as appellant operated its lumber business there. The contract of sale, the bill of sale, contains no such provisions. It reads:

"State of Texas, County of Wilson:

"Know all Men by These Presents: That we, Paul M. Fahrenthold, and wife, Mrs. Isabel Fahrenthold, of Wilson County, Texas, for and in consideration of the sum of Fifteen Thousand, Two Hundred and Fifty Seven ($15,257.00) Dollars paid to us by the Alamo Lumber Company, a private corporation, whose domicile and principal office is in San Antonio, Bexar County, Texas, the receipt of all of which is hereby acknowledged, have bargained, sold, transferred and assigned and by these presents, do bargain, sell, transfer, assign and deliver unto the said Alamo Lumber Company, a private corporation, domiciled in Bexar County, Texas, the following described property located on Block No. Eight (8) in the town of Poth, in Wilson County, Texas, belonging to us, as follows, to-wit:

"One Ford Truck, Engine No. 10,365,126, now in Poth, in Wilson County, Texas.

"All the stocks of goods, wares, merchandise and fixtures of every kind and character whatsoever, located on that part of Block Eight (8) in said town, this day conveyed by us to said Alamo Lumber Company, especially including the entire stock of lumber and all building material, goods, wares

and merchandise of every description, including all fixtures, tables, desks, all office equipment and every species and kind of personal property on said portion of said Block Eight (8), especially including the list of material included in the inventory taken by Paul M. Fahrenthold and Mr. Dawson on September 15th, 1926, said Mr. Dawson being an agent or representative of Alamo Lumber Company, which inventory referred to is made part hereof, providing however, there is excepted from this bill of sale, one iron safe in the office of the lumber yard on said property.

"To have and to hold unto the said Alamo Lumber Company its successors and assigns forever, all and singular the property hereinbefore described, and each part and portion thereof.

"And we do hereby bind ourselves, our heirs, executors and administrators, to warrant and forever defend all and singular the title to the said property above described and hereby conveyed, and each part thereof unto the said Alamo Lumber Company, its successors and assigns against every person whomsoever lawfully claiming or to claim the same, or any part thereof.

"It is understood between the parties hereto that all taxes for the years 1926 on the property described and conveyed shall be prorated between the parties hereto, to the date of this bill of sale.

"Witness our hands this 18th day of September, A. D. 1926.

                    "Paul M. Fahrenthold.
                    "Isabel Fahrenthold."

This instrument was duly acknowledged by Paul M. Fahrenthold and Isabel Fahrenthold September 18, 1926, and on said date duly filed for record in the county clerk's office of Wilson county, Tex. The deed from Fahrenthold and wife conveying to appellant the real estate mentioned was a full warranty deed in due form, was duly acknowledged and filed for record on said September 18, 1926. This deed contained nothing relative to the contract of sale of the lumber company, but simply conveyed lots Nos. 1, 2, 3, 4, 5, and 6, in block No. 8 in the town of Poth.

■ The failure of the written contract of purchase and sale to contain any such stipulations was one of the grounds upon which the court denied the relief sought by appellant. We think this reason is entirely sufficient to sustain the court's conclusion and judgment. The oral agreement to purchase and sell was reached on September 14, 1926, and we take it would have been reduced to writing then except for the fact that an inventory of the corporeal personal property had to be made. Immediately after this was done, September 18, 1926, four days later, the contract of sale was consummated by the execution of the written contract, the deed, and bill of sale, and it is well settled that where a written contract is clear and certain, and on its face imports completeness, it must be taken to express the will of the parties and it is not proper to look elsewhere for their intention. As was said by Chief Justice Willie, in Milliken v. Callahan County, 69 Tex. 210, 6 S. W. 681, 684: "All preliminary negotiations, whether written or unwritten, which have led to the execution of the agreement, are deemed to have been absorbed and merged in it, and the writing must be taken as expressing the final views of the parties."

■ The deed shows that $10,000 of the consideration paid by appellant was for the real estate. The remainder of the consideration, $15,257, was for the corporeal personal property specifically and minutely set out and enumerated in the bill of sale, set out above. Neither the good will of appellee's business, nor his selling his right to further engage in the lumber business in the town of Poth as long as appellant operated its lumber business at that place, are named. There is absolutely nothing in the written contract to intimate that either of said matters were intended to be included among the things for which the consideration was paid. Appellant insists that it was entitled to show that the oral agreement for the purchase and sale of appellee's business included the purchase of the good will of the business it was buying, and also included, as a part of the consideration for which the money was paid, the agreement of appellee not to re-enter the lumber business at Poth as long as it operated its business there, and further contends that it was not necessary to incorporate said matters in the written bill of sale. We overrule these contentions. To show this it would have to be done by oral testimony. No rule is better settled than that where a written contract is clear in its terms and on its face imports completeness, parol evidence is not admissible to vary, alter, add to, or extend its terms. In such case the rights of the parties are to be measured by the terms of the written contract, and cannot be enlarged or diminished by contemporaneous or prior stipulations, unless there be allegations and proof of fraud, accident, or mistake in merging the oral agreements into the written contract. Houston Transfer & Carriage Co. v. Williams (Tex. Com. App.) 221 S. W. 1081; Guarantee Life Ins. Co. v. Davidson (Tex. Com. App.) 234 S. W. 883; Ellerd v. Bell, 112 Tex. 536, 249 S. W. 456; Sullivan & Co. v. Schreiner (Tex. Civ. App.) 222 S. W. 314 (writ refused); White, Ward & Erwin v. Hager, 112 Tex. 516, 248 S. W. 319. It is too clear for dispute that to add the good will of appellee's business to the other named property for which the consideration was paid would be to add to and extend its terms by thus including the good will of the business

1088

sold, and the negation of the right of appel-
lee to enter the lumber business at Poth as
long as appellant operated its lumber busi-
ness at said place.

The good will of an established go-
ing business concern is property, recognized
and protected by law as such, and capable of
sale or other transfer from one owner to an-
other in connection with a transfer of the
property or business to which it is an inci-
dent. 28 C. J. 730. It is an asset which may
be sold in connection with a business to pay
creditors, Myers Co. v. Tuttle (C. C.) 183 F.
235, and must be conveyed by specific words
to show its transfer. Edelstein v. Edelstein
(Tex. Civ. App.) 6 S.W.(2d) 400 (writ dis-
missed). We do not think it can be said that
the right to engage in a legitimate business is
not a valuable one. There is nothing in the
written contract in the instant case to indi-
cate that either the good will of the business
sold, or the right to re-enter the lumber busi-
ness, was included. There is no contention
that the omission of these from the written
contract resulted from either fraud, accident,
or mistake. Without such an allegation and
proof, parol evidence may not be admitted to
show that they were included in the sale of the
business. As the agreement to purchase and
sell was oral, and the contract later reduced
to writing, in the language of Judge Willie, in
Milliken v. Callahan County, supra, we again
say that all preliminary negotiations, wheth-
er written or unwritten, which have led to the
execution of the agreement, are deemed to
have been absorbed and merged in it, and the
writing must be taken as expressing the final
views of the parties.

What we have said disposes of the case, and
so it is not necessary to discuss the other
matter presented. The judgment should be
affirmed, and it is so ordered.

Affirmed.