## BYNUM v. McFEE.
### No. 9270.

Court of Civil Appeals of Texas. San Antonio.

Feb. 28, 1934.

On Rehearing April 25, 1934.

Carter & Stiernberg, of Harlingen, for appellant.

G. Lorimer Brown, of Harlingen, for appellee.

MURRAY, Justice.

Appellee, Lillian McFee, instituted this suit seeking to recover damages in the sum of $500, and asking that an injunction issue against appellant, Maud Bynum, restraining her from owning or working in any beauty parlor in Cameron county other than the Cinderella Beauty Shop owned by appellee.

Appellee alleges that on or about June 25, 1931, she entered into an oral contract of purchase with appellant whereby she agreed to purchase from appellant the Cinderella Beauty Shop, its assets, business and good will; that afterwards a bill of sale was executed and delivered conveying the personal property situated in the Cinderella Beauty Shop for the recited consideration of $1,600 cash in hand paid. On the same date another written contract was executed in which appellee agreed to employ appellant in the Cinderella Beauty Shop as long as appellant desired to work there, and appellant agreed not to own or work in any other beauty shop in Cameron county so long as appellee owned the Cinderella Beauty Shop. This contract is short, and is here set out in full, to-wit: "The State of Texas, County of Cameron

"Know All Men by These Presents:

"That we, the undersigned, Maud Bynum, First Party, and Lillian McFee, Second Party, have made and entered into the following Contract and Agreement, to-wit:

"1. Second Party agrees that she will employ in her beauty shop, at any time and for such length of time as may be desired by First Party, during the time that Second Party shall own such beauty shop known as the Cinderella Beauty Shop, First Party on the usual and customary terms.

"2. First Party agrees, binds and obligates herself that she will not own, in whole or in part, or work in a beauty shop in Cameron County, Texas, so long as Second Party shall own the beauty shop now owned by her known as the Cinderella Beauty Shop, except that in the event First Party desires to work in a beauty shop in Cameron County, that she shall work for Second Party.

"3. The consideration for this Contract and Agreement is the mutual obligation of each party hereto to the other as hereinabove specified, also the further consideration of One ($1.00) Dollar cash in hand paid each to the other, the receipt of which is hereby fully acknowledged.

"4. It is understood and agreed by and between the parties hereto that in the event either of the Parties hereto should violate any of the terms or conditions hereof, that such party so violating the terms of this Contract shall pay to the other party hereto, the agreed and stipulated liquidated damages in the sum of $500.00.

"Witness our hands in duplicate this the 25th day of June, 1931.

                    Maud
"Mrs. I. R. Bynum, First Party
"Lillian McFee,      Second Party."

The appellee contends that the execution of this contract was a part of the inducement for her agreement to purchase the shop. We cannot agree with this contention. It is true that appellee alleges that there was originally an oral contract. However, she says in

effect that this contract was later reduced to writing by the execution of the bill of sale and this employment contract.

Though a contract may originally be made orally, if it be afterward reduced to writing it will be conclusively presumed that all of the provisions agreed upon have been merged into the writing, and, as there is no allegation that there was a stipulation in the bill of sale as to appellant not competing with appellee, this cause of action must be bottomed entirely upon the contract hereinbefore set out in full. Alamo Lumber Company v. Fahrenthold (Tex. Civ. App.) 58 S.W.(2d) 1085; Houston Transfer & Carriage Co. v. Williams (Tex. Com. App.) 221 S. W. 1081.

This contract expressly provides that it is based upon the parties' mutual promises or obligations, together with the nominal sum of $1. In other words, we must treat this contract as being absolutely free and independent of the written bill of sale by which the property of the beauty shop was conveyed for the expressed consideration of $1,600. This contract being construed in this light (and it cannot be otherwise construed by its expressed and unambiguous terms), it is a contract whereby appellee has agreed to give appellant employment so long as she may choose to work for her, in consideration of appellant's promise not to compete with appellee in the beauty parlor business so long as appellee owns the Cinderella Beauty Shop.

The contract further provides that, in the event of a breach of this contract, the offending party shall pay to the other the agreed and stipulated liquidated damages in the sum of $500. It seems to us that this language is too plain to permit of any other construction than that this was to constitute the remedy in the event of a breach.

However, the trial judge heard evidence on the question of the intention of the parties, and the issue thus raised was submitted to the jury, who found in effect that the contract expressed the true intention of the parties, and there was to be no other remedy. The trial judge entered judgment non obstante veredicto, giving appellee not only judgment for the agreed and stipulated liquidated damages in the sum of $500, but also permanently enjoined appellant from competing with appellee in the beauty parlor business in Cameron county so long as appellee owns the Cinderella Beauty Shop.

We conclude that the injunction should not have been granted, and, in view of the finding of the jury and the plain and unambiguous terms of the contract, it constitutes error requiring a reversal and rendering of that part of the judgment which grants such an injunction. Miller v. Chicago Portrait Co. (Tex. Civ. App.) 195 S. W. 619; Byers v. Trans-Pecoss Abstract Co. (Tex. Civ. App.) 18 S.W.(2d) 1096; 32 C. J. p. 197, § 302; 10 Tex. Jur. 471, § 274.

Affirmed in part, reversed and rendered in part.

On Motion for Rehearing.

 We have concluded that, in view of the insolvency of appellant, the injunction granted by the lower court should not be dissolved until the money judgment for the sum of $500 has been fully satisfied by appellant.

That part of our judgment heretofore entered which dissolves said injunction will be set aside and the injunction will be continued in force and effect until appellant shall have paid in full, or otherwise satisfied, such money judgment.

The motion for a rehearing will be granted in part, as herein indicated.