Sidney A. LEWIS et al., Appellants,

v.

R. E. STUART, Appellee.

No. 13816.

Court of Civil Appeals of Texas.

Houston.

Nov. 2, 1961.

Rehearing Denied Nov. 30, 1961.

Clarence M. Wilchar, Jr., Houston, for appellants.

Tom Sanders, Houston, for appellee.

WERLEIN, Justice.

Appellants appeal from a judgment rendered against them by the trial court, sit-

ting without a jury, in the sum of $781.59, representing the amount of a telephone bill which appellee obligated himself to pay the telephone company, and which he asserts appellants should have paid under the terms of their bill of sale transferring to him certain personal property in a motel and good will.

Appellants sold appellee all furniture, furnishings, air conditioning units and equipment located in the premises at 3157 Old Spanish Trail, Houston, Texas, and attached to the bill of sale a list of the personal property sold. At the bottom of the itemized list, which covers two legal size pages, is added, "All supplies, utensils, linens and personal property whatsoever located in the Thunderbird Motel and restaurant at 3157 Old Spanish Trail, Houston, Harris County, Texas."

The pertinent paragraphs of the bill of sale read as follows:

"For the same consideration hereinabove expressed, we hereby assign and transfer unto the said purchasers the goodwill of the Thunderbird Motel together with the right to use the name Thunderbird Motel. In the event of a foreclosure of the liens securing the payment of any note to purchasers to sellers, or either of them, then the right to use such name shall revert to sellers.

"Except as hereinabove provided, we hereby warrant the title to said personal property to be free and clear of any and all liens, claims or demands of any person whomsoever and that we have a perfect right to sell and deliver the same."

Sometime prior to selling such personal property to appellee, appellants had leased the motel to Texas Twilighter Corporation, but shortly before executing the bill of sale to appellee, they had taken it back. Appellee knew that someone other than appellants had been operating the motel prior to his purchase. During the time Texas Twilighter Corporation operated the motel it had incurred said indebtedness of $781.59 to the telephone company for use of telephone number JA 6–3737. The evidence is uncontroverted that Texas Twilighter Corporation owed the bill in question and that the telephone company looked to it for payment thereof and did not look to either appellants or appellee for payment.

Appellee testified that in order to retain said number and keep the telephone company from disconnecting it, he voluntarily obligated himself to pay said bill, and that the telephone number in question had been used by the motel for a year and a half, and had been extensively advertised through various media and constituted an asset of the business.

It will be noted that neither the telephone equipment nor the telephone number is included in the itemized list of personal property that was sold. Furthermore, it is a matter of common knowledge that the contract between a telephone company and a subscriber entitles the subscriber to telephone service, for which he pays, but it gives him no proprietary interest that will permit him to sell the telephone equipment and telephone number furnished by the telephone company. It is clear that the warranty clause in the bill of sale does not cover either the telephone or the telephone number in question.

It is appellee's contention, however, that the telephone number was a part of the good will of the business which was transferred and assigned to the purchaser. It will be noted that appellants assigned and transferred to the purchasers the good will of the Thunderbird Motel *together with the right to use the name Thunderbird Motel.* No mention is made of the telephone number JA 6–3737, nor is any right to use such number expressly given. We are, therefore, called upon to determine whether the transfer of good will carried with it automatically the right to retain the telephone number previously used by the business, and if so, whether as a concomitant of

that right the purchaser had the right to compel the vendor to pay all delinquent charges to the telephone company, regardless of whether the vendor was liable to the telephone company for such charges.

We have neither found nor been cited to any case directly in point. The case nearest in point cited by appellant is Houston Transfer & Carriage Co. v. Williams, Tex.Com.App.1920, 221 S.W. 1081, 1082. In that case the contention was made by the vendee of a transfer business that the bill of sale contained a good will covenant which had been violated by the vendor's widow leasing the stables formerly used by her deceased husband in connection with his transfer business, and permitting the tenant who engaged in business in competition with the vendee, to use the telephone number formerly used by the vendor. The court said:

"With reference to the assignment complaining of the violation of the good will covenant, it is observed that the bill of sale contains no restrictive clause binding defendant in error not to lease the property for a competitive business; neither does it contain a restrictive clause preventing the use of the telephone number. Their rights are to be measured by the terms of the written contract, and cannot be enlarged or diminished by contemporaneous or prior stipulations, unless there be allegations and proof of fraud, accident, or mistake, in merging the agreement into the written contract.

"Plaintiffs in error seek to give the term 'good will' such signification as to include a restriction on the part of defendant in error to lease the premises at 1604 Oak street for a competitive business, and also to prevent the use of the telephone number at that point by the lessee. We do not think that the term is comprehensive enough to include such restrictions. The mere purchase of a good will is insufficient, in the absence of an express covenant, to restrict a party in the enjoyment of a right which he has not bargained away. Had plaintiffs in error desired the restrictions mentioned, they should have secured them by positive agreement."

We have concluded in light of the holding in the Williams case, that as a matter of law the transfer of "good will" in the instant case did not carry with it a warranty that appellee would have the right to retain the telephone number in question since there is no express covenant in the bill of sale to such effect. We have also concluded that appellants were not obligated to take care of the telephone bill which had been incurred by Texas Twilighter Corporation since there is no express stipulation in the bill of sale that appellants would be responsible for unpaid telephone bills for service rendered such number.

Reversed and rendered.