**Edwin MARKWARDT, Appellant,**

v.

**Homer C. HARRELL et al., Appellees.**

No. 4221.

Court of Civil Appeals of Texas.

Eastland.

June 21, 1968.

Rehearing Denied July 12, 1968.

Hartson, Waters & Bonnett, Gerald T. Waters, Clark, West, Keller, Clark & Ginsberg, Jack D. Eades, Dallas, for appellant.

Shank, Irwin, Conant & Williamson, Ivan Irwin, Jr., Dallas, for appellees.

GRISSOM, Chief Justice.

Edwin E. Markwardt bought all the stock in Top Mix Concrete, Incorporated, a ready-mix concrete business. The stock was owned by Homer C. Harrell, his wife, his son-in-law, John Morgan, and Morgan's wife. Harrell continued as an employee of the new owner for about six months. About three months after termination of his employment, Harrell re-entered said business under the name of Harrell Concrete Company with a plant about a mile down the same road from Top Mix Concrete's main plant. Markwardt sued said sellers of stock for damages caused by breach of an alleged contract by Harrell that he would never re-enter the ready-mix concrete business in competition with Top Mix in the area it then served. He alleged that Harrell breached that contract to Markwardt's damages in the sum of $312,124.00. The defendants denied making the agreement. They alleged the only thing they sold was their stock and that Markwardt paid nothing for the alleged agreement to not compete; that the alleged contract was illegal and unenforceable; that it was barred by the statute of frauds, Vernon's Ann.Civ.St. Article 3995, because there was no writing evidencing it; that it was illegal and void under the anti-trust statutes of Texas, Articles 7426–7438, because it was in restraint of trade and unreasonable because it was not limited in either time or space and placed restrictions upon Harrell which were not reasonably necessary for protection of Markwardt's business.

A jury found in answer to issue 1–A that, prior to closing the sale of stock, Harrell promised Markwardt he would not re-enter the business; that (1–B) when Harrell made that promise he did not intend to keep it; that (1–C) Markwardt relied thereon in purchasing said stock; that (1–D) it was a material inducement for Markwardt to purchase the stock; that (2–A), prior to closing the stock sale, Harrell promised Markwardt he would not go into said business in competition with Top Mix; that (2–B), when he made that promise he did not intend to keep it; that (2–C) Markwardt relied thereon and (2–D) it was a material inducement to Markwardt to buy the stock; that (3–A), prior to closing the sale, Harrell did not represent to Markwardt that he was retiring; that (4–A), the promise made by Harrell, prior to closing the sale, that he would not re-enter said business, was willfully made; that (5–A) the reasonable market value of said stock at the time of the sale, "if Harrell did not re-enter business in competition with Top Mix" was $293,000.00; but that (5–B) its then market value, if Harrell were left free to re-enter business in competition with Top Mix, was only $210,000.00; that (6–A) Markwardt was entitled to recover from Harrell $1,000.00 exemplary damages; that (7–A) Harrell's promise not to re-enter the business was limited to the area served by Top Mix on March 15, 1965; that (7–C) Harrell's said promise did not place a greater restriction on him than was reasonably necessary for protection of Markwardt's business; that (8–A) his promise to not go back into the ready-mix business was limited to the area served by Top Mix on March 15, 1965; that (8–C) said promise did not place a greater restriction on Harrell than was reasonably necessary for protection of Top Mix; that (9–A) $29,840.65 would reasonably compensate Markwardt for loss of profits to "this date" by reason of Harrell re-entering the business and that (10–A) $53,000.00 would reasonably compensate Markwardt for diminution in market value of the stock purchased, by reason of Harrell re-entering the business.

The court overruled plaintiff's motion for judgment on the verdict. It sustained defendants' motions for judgment non obstante veredicto and rendered judgment that Markwardt take nothing. Markwardt has appealed.

Appellant Markwardt's points are, in substance, that the court erred (1) in ren-

dering judgment for defendants notwithstanding the verdict; (2) in overruling his motion for judgment on the verdict and (3) that the judgment should be reversed and judgment rendered against all defendants because it was established that Harrell was acting as their agent in making the agreement. Appellant says that to sustain the judgment notwithstanding the verdict the record must show there was no evidence to sustain the jury's findings in his favor.

The appellees contend, among other things, that the court did not err in rendering judgment for them non obstante veredicto because, as a matter of law, the jury findings will not support a judgment for appellant, among other reasons, because (a) the agreement clearly and definitely shown by appellant's testimony and admissions was unlimited as to both time and area and unreasonable and therefore not enforceable; (b) appellant is bound by his testimony and admissions that said agreement was unlimited as to both time and area, and (c) because, if the court could carve from either time or area and fix a time or area it deemed reasonable, no adjudication of what is reasonable under the circumstances has been made and therefore damages are not recoverable.

▆▆▆ Contracts not to compete are, by their nature, in restraint of trade and are not favorably regarded by our courts. Barrett v. Curtis, Tex.Civ.App., 407 S.W.2d 359, 361; 13 Tex.Jur.2d, Contracts, Sec. 186, p. 393. To be enforceable they must contain stated restraints. Restraints not stated in the contract cannot be established by custom or inference. Houston Transfer & Carriage Co. v. Williams, Tex. Com.App., 221 S.W. 1081, 1082. If a contract not to compete contains stated restraints they must be reasonable as to time and space. Appellant's testimony shows there was no limitation as to either time or space. It shows the contrary. Such unlimited restrictions were unreasonable and not necessary for protection

of Markwardt's business. It follows that the agreement is either void or subject to judicial reformation, and, that in either event, there is now no legal basis for recovery of damages. The question of reasonableness is one of law. It is to be determined by the court, not a jury. If an inference of a finding of reasonableness were otherwise permissible it cannot be indulged here because the court rendered for the defendants.

In Texas Shop Towel, Inc., v. Haire, Tex.Civ.App., 246 S.W.2d 482, it was held that a contract not to compete must contain stated restraints and that restraints are reasonable cannot be shown by custom or inference. The court refused to enlarge the terms of the contract by proof of custom or practice in the industry. It said (at page 484)

"Contracts restricting trade and competition are frowned upon, even when they are express and are reasonably limited to time, territory and subject matter. The custom here sought to be engrafted upon the contract between appellant and appellee not only would require us to bring in a new restriction and a separate contract binding upon a different person, but would require us to determine by custom the time the employee's covenant would endure, the territory it would reach, the conduct restricted, and also allow the assignability of the contract. We think the court properly ruled, as a matter of law, that restrictive covenants cannot be so extended by custom and implication. To do otherwise would be to create an entire restrictive contract by custom."

And the court further said (at page 486)

"But covenants in restraint of trade do not rest upon inference. The restraints must be stated. Houston Transfer & Carriage Co. v. Williams, Tex.Com.App., 221 S.W. 1081; Owen v. Willis, Tex. Civ.App., 20 S.W.2d 338.

'The agreement will not be extended by implication; and it will be construed in favor of rather than against the interest of the covenantor.' 36 A.Jur. Monopolies, etc., § 57."

In Houston Transfer & Carriage Co. v. Williams, Tex.Com.App., 221 S.W. 1081, the Commission said: "No restraint of trade may rest upon inference; a stipulation is necessary."

In Wissman v. Boucher, 150 Tex. 326, 240 S.W.2d 278, 280, our Supreme Court said: "Clearly it was in restraint of trade and therefore not enforcible if unreasonable in its terms. Restatement, Contracts §§ 513, 514. Restraints of trade unlimited as to both time and space are generally held to be unreasonable."

We agree with appellees that appellant has not obtained findings supported by evidence of probative force that will enable a court to ascertain any limited time that Harrell's alleged agreement not to compete will endure, nor any limit to the territory it will include. See Lewis v. Krueger, Hutchinson and Overton Clinic, 153 Tex. 363, 269 S.W.2d 798. Reasonableness of the alleged restraints has not been established, nor has there been judicially determined what is a reasonable limitation as to either time or area. Under the rule stated by our Supreme Court in the last above quotation the agreement is unreasonable, at least, until a judicial determination is made, and will not support a judgment for damages.

■ Mr. Markwardt testified positively that there was no restraint as to time or space in Harrell's agreement to not compete. When asked the direct question whether there was any limitation on either time or area he answered, "none whatsoever." The jury findings of limitation on restraints in said agreement are directly contrary to appellant's admission that it was unlimited. Appellant having testified clearly and positively to facts which defeat his right to recover, he cannot complain of rendition of judgment notwithstanding the verdict. He is bound by his testimony and admissions. 24 Tex. Jur.2d Evidence, Sec. 716, pp. 379, 380; Southern Surety Co. v. Inabnit, Tex.Civ. App., 1 S.W.2d 412, 415; MacDonald v. Carlisle, 146 Tex. 206, 206 S.W.2d 224; Texas & P. Ry. Co. v. Wood, 145 Tex. 534, 199 S.W.2d 652; Slay v. Mary Couts Burnett Trust, Tex.Civ.App., 180 S.W.2d 480, 502.

It is generally held that such agreements, unlimited as to time and space, are unreasonable and may not be enforced by a suit for damages. The court, therefore, did not err in denying appellant a recovery of damages for its breach. Star Refining Co. v. Butcher, Tex.Civ.App., 84 S.W.2d 303, 306; Zamora v. Thompson, Tex.Civ. App., 250 S.W.2d 626, 628; Martin v. Hawley, Tex.Civ.App., 50 S.W.2d 1105, 1107; Caraway v. Flagg, Tex.Civ.App., 277 S.W.2d 803, 805; 46 A.L.R.2d 188; 45 A.L.R.2d 115.

■ Since the contract sought to be enforced does not under appellant's testimony, by which he is bound, contain any restriction as to time or space, and no reasonable limitation on such restrictions has been judicially determined, there is no legal basis for an award of damages to appellant for breach thereof. Weatherford Oil Tool Company v. Campbell, 161 Tex. 310, 340 S.W.2d 950, 953; Wissman v. Boucher, 150 Tex. 326, 240 S.W.2d 278, 280.

The judgment is affirmed.