Dee SELINE, Appellant,

v.

Pat BAKER et al., Appellees.

No. 16683.

Court of Civil Appeals of Texas, Houston (1st Dist.).

April 22, 1976.

Ducoff & Chanon, Bernard L. Chanon, Houston, for appellant.

Lois Watson, Houston, for appellees.

COLEMAN, Chief Justice.

This is an appeal from a temporary injunction restraining the defendant, Dee Seline, from competing with a corporation, Meet Houston, Inc. The principal issue is whether the injunction issued complies with the provisions of Rule 683, Texas Rules of Civil Procedure. The judgment will be reversed.

On December 6, 1973, the plaintiffs, Pat Baker and Betty Cummings, purchased from the defendant 50% of the stock in the corporation, and as part of the consideration for the purchase the defendant agreed that she would not be connected in any manner with any business under any name similar to the present name of the corporation, and for a period of three years after the closing she would not "in any manner directly or indirectly compete with the corporation or become interested in any competitor of the corporation which transacts business at any place within a 300 mile radius of Houston, Harris County, Texas." She also agreed that she would not for a period of three years after the closing directly or indirectly participate in or be employed by any municipal or other convention council of any city or in any city within a 300 mile radius of Houston, Harris County, Texas.

Pat Baker testified that the covenant not to compete was designed to protect the business of Meet Houston, Inc. which was a total convention service. She testified that the corporation arranged ladies' activities, children's tours, tours for a total convention group, nighttime entertainment, special parties, airport transfers for groups, limousine service, motorcades, meetings, activities for the group and ladies' hospitality room and special events. The corporation assisted in setting up meetings, furnished certain protocol services, and post-convention tours. She also testified that the corporation arranged for booths and information facilities at conventions, arranged hotel accommodations, and consulted with or acted as coordinator for group activities. These services were furnished for any type of group activities, not for conventions alone. She testified that in addition to the business activities conducted in Houston the corporation also operated in Dallas, had an assumed name certificate on file there, and that the reason for the 300 mile radius in the covenant was to protect the corporate activities in Dallas as well as in Houston. She testified that the business of the corporation required expertise in convention analysis and in matters of protocol. The defendant testified that at the time the corporation stock was sold all the corporation did was to arrange airport greetings and tours.

Ms. Seline testified that she was a meeting and convention analyst and furnished a protocol liaison service. She testified that she performed certain convention services, and that she was hired more or less as a staff member of the association, which she did not consider to be a convention job. She also testified that she did not consider her work in protocol liaison to be in competition with the business conducted by the corporation at the time she was connected with that corporation.

■ There is sufficient evidence to sustain a finding that Ms. Seline engages in some activities which are also engaged in by the corporation. It is not clear from the evidence whether the corporation engaged in all of these activities at the time the sale was consummated. While there is conflict in the testimony the trial court's implied finding that the defendant engaged in some activities which indirectly competed with the business which the corporation conducted at the date the sale was consummated is supported by evidence of probative force.

■ As a general rule where an established business has been sold with its good will and there is a valid covenant not to compete, a breach is regarded as the controlling factor and injunctive relief follows almost as a matter of course. 43 C.J.S. Injunctions § 84, p. 566. In *Weatherford Oil Tool Co. v. A. G. Campbell,* 161 Tex. 310, 340 S.W.2d 950 (1960), the court stated:

"... According to the Restatement, a restraint of trade is unreason-

able, in the absence of statutory authorization or dominant social or economic justification, if it is greater than is required for the protection of the person for whose benefit the restraint is imposed or imposes undue hardship upon the person restricted. The period of time during which the restraint is to last and the territory that is included are important factors to be considered in determining the reasonableness of the agreement . . ."

It is not necessary that one seeking to enforce such a covenant not to compete entered into in connection with the sale of a business prove the extent or probable extent of their damage by reason of a breach of the covenant. *Daniel v. Goesl,* 161 Tex. 490, 341 S.W.2d 892 (1960).

In *Justin Belt Co., Inc. v. Yost,* 502 S.W.2d 681 (Tex.1974), the court recognized that restraints of trade unlimited as to both time and space are generally held to be unreasonable. It stated, however, that covenants containing such a restraint of trade were not void and beyond reformation in equity, but that they were not enforceable beyond a time or area considered reasonable by the court.

In *Markwardt v. Harrell,* 430 S.W.2d 1 (Tex.Civ.App.–Eastland 1968, writ ref'd n. r. e.), the court stated:

"Contracts not to compete are, by their nature, in restraint of trade and are not favorably regarded by our courts . . . To be enforceable they must contain stated restraints. Restraints not stated in the contract cannot be established by custom or inference . . . If a contract not to compete contains stated restraints they must be reasonable as to time and space . . . Such unlimited restrictions were unreasonable and not necessary for protection of Markwardt's business. It follows that the agreement is either void or subject to judicial reformation . . ."

■ A non-competitive agreement so extensive as to constitute an invalid restraint of trade may be modified in such a manner as to render the agreement reasonable.

*Thames v. Rotary Engineering Co.,* 315 S.W.2d 589 (Tex.Civ.App.–El Paso, 1958, writ ref'd n. r. e.).

■ Covenants in restraint of trade do not rest upon inference. The agreement will not be extended by implication and it will be construed in favor of rather than against the interests of the covenantor. *Texas Shop Towel, Inc. v. Haire,* 246 S.W.2d 482 (Tex.Civ.App.–San Antonio, 1952, no writ history); *Houston Transfer & Carriage Co. v. Williams,* 221 S.W. 1081 (Comm.App., Sec. A, 1920, holdings approved).

■ The covenant in question clearly states that the defendant agrees for a period of three years not to compete with the corporation. The 300 mile territorial limitation is not applicable to this provision of the covenant unless by construction or inference. The territorial limitation cannot be added to this provision of the contract. The covenant is not for that reason void, and the trial court properly exercised his discretion in determining what would constitute a reasonable limitation as to territory.

■ The purpose of the covenant under consideration was to render effective the good will which the plaintiffs bought from the defendant. The good will inheres in the business, including the corporate name. An agreement not to compete with the corporation in any business which a corporation might desire to enter would clearly be unreasonable since the plaintiff could never know with certainty what type of business activity she might properly enter. In determining what reasonable restraints to impose upon the business activity of the defendant the trial court necessarily would need to know the activities pursued by the corporation at the time of the sale. His order should be framed in the language no broader than necessary to protect the business sold, and in language which would avoid restricting activity on part of the defendant which would not be prohibited under her agreement. *Barrett v. Curtis,* 407 S.W.2d 359 (Tex.Civ.App.–Dallas, no writ history).

The order from which this appeal is taken enjoined the defendant ". . . from competing with Meet Houston, Inc., a Texas corporation, within a one hundred mile radius of Houston, Harris County, Texas, and a one hundred mile radius of Dallas, Dallas County, Texas, or to do or perform any act which will cause Plaintiffs loss of business or business opportunities and that the term 'competition' shall extend to all business or business related activities encompassed by the Articles of Incorporation of Meet Houston, Inc., or reasonably within the scope of the corporate purposes set forth therein, until further Orders of this Court."

Rule 683, Texas Rules of Civil Procedure, provides that every order granting an injunction shall be specific in terms and shall describe in reasonable detail and not by reference to the complaint or other document the act or acts sought to be restrained.

The order in question does not follow the provisions of Rule 683, supra, in that it does not set out in reasonable detail the act or acts sought to be restrained. It is further defective in that the reference to the Articles of Incorporation in the injunction was for the specific purpose of indicating the authorized activities of the corporation, and the scope of the injunction. This provision is a material part of the injunction, and the court erred in including it in his order. Rule 683, supra; *City of Ft. Worth v. McDonald,* 293 S.W.2d 256 (Tex. Civ.App.–Ft. Worth, 1956, writ ref'd n. r. e.).

The Articles of Incorporation were not introduced into evidence, and there is no showing that the business actually conducted at the time of the sale was coextensive with the power granted to the corporation by the Charter.

For the errors above pointed out the judgment entered by the trial court must be reversed. Under the facts of this case, it is practicable that an order be entered which would inform the defendant of the acts she is restrained from doing, without calling on her for inferences or conclusions about which persons might well differ and

without leaving anything for further hearing as was recommended by the Supreme Court of Texas in *Villalobos v. Holguin,* 146 Tex. 474, 208 S.W.2d 871 (1948).

Reversed and remanded.